HARTSHORN VS. THE MILWAUKEE AND ST. PAUL RAILWAY COMPANY, impleaded, etc.

*Motion to set aside sale under judgment cannot perform the office of an appeal.*

1. In this case (which was a mortgage foreclosure) the railway company answered facts showing it entitled to the relief indicated in *Kennedy v. The Same Company et al.*, 22 Wis. 581, but failed to appear and prove them at the trial, and judgment in the usual form was rendered as to the whole premises. *Held*, that it was error, on motion of the company at a subsequent term, to set aside the sale so far as it purported to sell the road-bed, right of way, grounds, etc., of the company, the judgment not being vacated. So *held*, where the court further ordered a reference to a commissioner to ascertain the value of the right of way, grounds, etc., exclusive of the improvements, and that upon the payment by the company of their value so ascertained, its road-bed, grounds and fixtures should be discharged from the lien of the mortgage.
2. The effect of the order vacating the sale would be to review a judgment on motion after the term; making such a motion perform the office of an appeal.

APPEAL from the Circuit Court for *Juneau* County.

This is an appeal by the plaintiff from an order of the circuit court. The case is stated in the opinion.

*E. Mariner* and *David S. Ordway*, for appellant, cited *Barrow v. Jones*, 1 J. J. Marsh. 470; *Floyd v. Jayne*, 6 Johns. Ch. 479; *McNeish v. Stewart*, 7 Cow. 474; *Davis v. Ruggles*, 2 Chand. 152; 3 Gra. & Wat. on N. T. 1004; *Ætna Ins. Co. v. McCormick*, 20 Wis. 265.

*Jno. W. Cary*, for respondent. [The printed brief does not discuss the particular point on which the cause went off in this court.]

The following opinion was filed at the September term, 1867:

COLE, J. This is an action to foreclose a mortgage given by the defendants Nuttall and wife, on the 28th of February, 1854, to the La Crosse and Milwaukee Railway company, to secure the payment of $2,500; which mortgage has been assigned to the plaintiff. The *Milwaukee and St. Paul Railway Company* was made a defendant, and came in with its answer, alleging that the La Crosse and Milwaukee company (to whose rights it has succeeded, as therein stated), in 1857, under its charter, located its road over a portion of the land embraced in the mortgage; that, after taking the strip of land required for the use of its road, the company agreed with the owner as to the amount of compensation to be paid therefor, and took a conveyance of the right of way. It demanded that, in any judgment of foreclosure that might be rendered in the action, the officer be directed to sell first that portion of the mortgaged premises not conveyed by Nuttall to the La Crosse company and now used for the purposes of its road. On the 12th of May, 1866, the action came on to be tried, and, the *Milwaukee and St. Paul Company* not appearing to make proof of the facts stated in the answer, the usual judgment of foreclosure and sale was entered. In pursuance of the judgment, the mortgaged premises were advertised for sale on the 18th of August, 1866. On the 14th of August, the company served a copy of a petition and notice of motion to be heard before the circuit judge on the 16th of August, praying, among other things, for a stay of the sale until the next term of court, which motion was denied. The sheriff proceeded with the sale. At the October term, the plaintiff moved to confirm the sheriff's report of sale; and the company made a cross-motion to set the sale aside so far as it purported to sell the road-bed, right of way, and grounds of the *Milwaukee and St. Paul Company* over and across a portion of the mortgaged premises;

and also to vacate the judgment so far as it directed a sale of the road-bed, grounds, etc.; and that it be referred to a commissioner to ascertain and report the value of the right of way, grounds and road-bed, exclusive of the improvements made thereon by the La Crosse company or its successor, and that upon the payment of the amount of such value thus ascertained, the land taken by the company for the use of its road be discharged from the lien of the mortgage. This motion was founded on the records and papers on file in the cause, and the petition of the company, in substance the same as that previously presented to the judge for a stay of the sale. The circuit court granted the motion of the company, so far as to set aside the sale of the road-bed, right of way and grounds of the company, and referred it to a commissioner to ascertain and report the value of the right of way, grounds, etc., exclusive of the improvements, and ordered that upon the coming in of this report, etc., and upon the payment by the company of the amount as confirmed, the road-bed, grounds and fixtures be discharged from the lien of the mortgage. This is the order appealed from in this case.

The declared object of the last branch of the order is, to ascertain by a reference the amount of compensation the *Milwaukee and St. Paul Company* must pay for the land embraced in the mortgage, and now used and occupied by it for the purposes of its road. It is stated in the answer and petition, that the La Crosse and Milwaukee company, in 1857, under its charter, located its road over the land — agreeing with the owner as to the amount of compensation, paying that compensation, and taking a conveyance of the right of way.

But as it failed to make compensation to the holder of the mortgage, the *St. Paul company* proceeded anew to acquire and perfect its title. But how must it proceed?.

In the case of Kennedy against this same company (22 Wis. 581), we have given our views upon this question of practice,

and held that the company must proceed under the provisions of its charter to ascertain the amount of compensation, and not by a reference. And it is unnecessary to say more upon this branch of the order than to refer to the opinion in that case.

The other part of the order sets aside the sale so far as it purports to sell the road-bed, right of way and grounds of the company. The sale, however, appears to be regular and in strict conformity to the judgment. It will be seen that the judgment has not been vacated, which directs a sale of so much of the mortgaged premises as may be sufficient to raise the amount due the plaintiff. The application is to withdraw a portion of the mortgaged premises from the operation of the judgment. In other words, it is an attempt to review and correct the judgment upon motion made after the term, or to make such a motion perform the office of an appeal. This cannot be done. *Edwards v. The City of Janesville*, 14 Wis. 26; *Spafford v. Same*, 15 id. 474; *The Ætna Ins. Co. v. Mc-Cormick*, 20 id. 265. The practice adopted here is still more objectionable than the one resorted to in the above cases. There the judgments were set aside, or attempted to be set aside, on motions after the term, while here the judgment is left in full force, and a sale under it perpetually stayed. It seems to us that the integrity of the judgment cannot be destroyed in this manner. It is true, the company asked in the motion, not only that the sale of the road-bed, right of way and grounds be set aside, but also that the judgment, so far as it directs a sale of said right of way, etc., be vacated. But the court only granted the former part of the motion; leaving the judgment to stand undisturbed. The company does not complain of the order, nor object that it does not grant it all the relief it was entitled to. Had the company taken an appeal, we might have had to consider whether, upon the papers in support of the motion, any sufficient reason was shown for setting aside the judgment. But as the case now stands, that

question is not before us. And as the sale was regular and in conformity to the judgment, no reason is shown for setting it aside.

The order appealed from must therefore be reversed, and the cause remanded for further proceedings.

*By the Court.*— Ordered accordingly.

Mr. Justice DOWNER took no part in the decision of this cause.

A motion for a rehearing was denied at the February term, 1868.