JENNINGS, Respondent, v. DES MOINES MUTUAL HAIL AND CYCLONE INS. ASSN., Appellant.

(146 N. W. 564.)

1.   **Trial—Demurrer—Vacating Order Sustaining Demurrer—Jurisdiction—Appeal—Irregular Motion.**

A trial court has no power or authority to vacate or reverse an order sustaining a demurrer, the determination of the demurrer being a trial of an issue of law, and was a judgment

erroneous, if at all, only as a matter of law, from which an appeal lies; and such judgment is no ground for setting aside the judgment on motion; the remedy by motion being available only in case of irregular and void judgments, and cannot be resorted to to revise and correct errors of law.

2. **Appeal—Appealable Order—Vacating Order Sustaining Demurrer.**
  An order of the trial court vacating, upon motion, his previous order sustaining a demurrer, is an appealable order.

(Opinion filed March 21, 1914.)

Appeal from Circuit Court, McPherson County. Honorable JOSEPH H. BOTTUM, Judge.

Action by E. H. Jennings against the Des Moines Mutual Hail and Cyclone Insurance Association. From an order vacating an order sustaining a demurrer to the complaint, defendant appeals. Reversed.

*Hall, Alexander & Purdy,* for Appellant.

Treating the proceeding in the nature of an application for a new trial, it is fatally defective in that it lacks all the essential statutory steps required upon an application of this kind. Section 302, Code Civil Procedure, as amended by Chapter 173 Laws 1913.

No affidavits have been served in support of the motion, nor had any record been settled, nor does the motion indicate that it is upon the minutes of the court. No notice of Intention to Move for a New Trial was served within twenty days. Sec. 303 Code Civil Procedure.

The argument of the demurrer in this matter was a trial within the statutory definition. 243 Code Civil Procedure. An issue of law arises upon demurrer to the complaint. Section 241 Code Civil Procedure. Walker v. Maronda, 106 N. W. 296. (N. D.)

This being true, the only course left to plaintiff when the demurrer to the complaint was sustained was a motion for a new trial. The only ground alleged is "that the court erred."

This is clearly insufficient to warrant a new trial, even though his procedure was not fatally defective. Sec. 301, Code Civ. Proc.

This case does not come within the seventh ground mentioned therein, i. e., "Errors in law occurring at the trial and excepted to by the party making the application," for the errors in law therein referred to are "rulings, instructions and the like, which

occur before the rendition of the verdict or decision." McKinsey v. Bismarck Water Company, (N. D.) 71 N. W. 608.

"A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury, the court or by referees." Section 300 C. C. P.

Assuming that this proceeding was in the nature of a motion to set aside or vacate a judgment or order, the court should not have granted the order appealed from, for the reason that no statutory ground existed therefor. Section 151 Code of Civil Procedure. None of the grounds for setting aside a judgment or order, were alleged or found to have existed in this case. City of Fort Pierre v. Hall, 19 S. D. 663, 104 N. W. 470.

That "the court erred" in sustaining a demurrer, was not proper ground to set aside such order. Olson v. Mattison, (N. D.) 112 N. W. 994, and cases there cited.

In the absence of statutory authority, it is beyond the power of the court to vacate its own order after the lapse of the term at which such order was made. 29 Cyc. 1519.

There is no authority in the Code for the new trial of a motion. Harper v. Hildreth, 99 Cal. 270-33 Pac. 1103, cited in 14 Ency. P. & P. page 174.

The order sustaining the demurrer was appealable, and if plaintiff was dissatisfied by the ruling thereon his remedy was by appeal, and not an attempt to have the matter re-argued before the same court.

If the court had authority to make the order appealed from, then it was appealable, either as granting a new trial or as overruling the demurrer; on the other hand, if such order was without authority it would be appealable under subdivision 102, of Section 462, Code of Civil Procedure, because it affects a substantial right. McMannas v. Malloy, (S. D.) 138 N. W. 936.

*E. C. Sigler,* and *Porter & Grantham,* for Respondent.

The order appealed from is not appealable.

Section 462, Code Civil Procedure. It cannot be contended that the order in question here appealed from comes within either of the first, second or third subdivisions of this section. If it is contended that under the fourth subdivision this order can be classified as one from which an appeal can be taken, we suggest that it does not involve the merits of the action. It does not de-

termine the sufficiency or insufficiency of the complaint, as challenged by the general demurrer; it does not order judgment.

Subdivision five relates only to orders made for the purpose of enabling a party to review an order not otherwise appealable.

McCOY, J. [1] On the 4th day of June, 1913, there was made and entered in the circuit court of McPherson County, an order sustaining a demurrer to plaintiff's complaint; demurrer theretofore having been interposed on the ground that said complaint did not contain a sufficient statement of facts to constitute a cause of action. Thereafter, on the 27th day of June, in another county of the same circuit, before the same judge, motion was made to the court to set aside the said order sustaining the said demurrer upon the ground that the court erred in sustaining the said demurrer to plaintiff's complaint. Defendant appeared and resisted said motion on the ground, among others, that plaintiff had his remedy by appeal, if dissatisfied with such order, and that appeal was the only legal method of attacking such order. On the hearing of said motion, the court vacated the order sustaining the demurrer, to which action of the court defendant duly excepted, and now assigns such ruling as error. We are of the opinion that the court had no power or authority to vacate or reverse the order sustaining the demurrer. The determination of a demurrer is a trial of an issue of law. The court in this case had jurisdiction of the parties and subject matter at the time it sustained the demurrer to the complaint. It was a judgment erroneous, if at all, only as a matter of law.

The remedy by motion is available only in case of irregular and void judgments (irregular and void by reason of the want of jurisdiction or want of adherence to some essential legal procedure), and cannot be resorted to as a means of enabling the court to review, revise, or correct errors of law into which it may have fallen. That a judgment is erroneous as a matter of law is ground for appeal; but it is no ground for setting aside the judgment on motion. A motion to set aside a judgment cannot be made to perform the office of an appeal. Black on Judgments, §329; State v. Donovan, 10 N. D. 203, 86 N. W. 709; Proudzinski v. Garbutt, 9 N. D. 239, 83 N. W. 23; Garr, Scott & Co. v. Spaulding, 2 N. D. 414, 51 N. W. 867; Schaettler v. Gardiner, 47 N. Y. 404; Kamp v. Kamp, 59 N. Y. 212; Hartshorn v. C., M. & St. P. Ry.,

23 Wis. 695; Spafford v. Jaynesville, 15 Wis. 474; Bank of U. S. v. Moss, 6 How. 31, 12 L. Ed. 331. See note to Furman v. Furman, 153 N. Y. 309, 47 N. E. 577, 60 Am. St. Rep. 652; 14 Ency. Pl. & Pr. 88. In Spafford v. Janesville it is held that a motion to correct an error in law in a decision on a demurrer cannot take the place of an appeal.

[2] We hold that the order vacating the order sustaining the demurrer is an appealable order.

The order appealed from is reversed, and plaintiff given 30 days from the filing of the remittitur in which to serve an amended complaint, if he so desires.