PURINTON, Appellant, v. PURINTON, Respondent.

(169 N. W. 236).

(File No. 4321. Opinion filed Nov. 4, 1918).

(1). **Appeals—Review—Setting Aside Judgment—Conflicting Evidence, Conflict Favoring Defendant—Conclusiveness of Judgment.**

On motion to set aside judgment, where evidence was seriously conflicting, such conflict must be resolved in favor of defendant; and action of trial court as to whom to believe, is conclusive on appeal.

(2). **Judgments—Findings and Judgment Through Attorneys' Mistake Or Plaintiff's Fraud—Judge's Misapprehension—Right to Set Aside.**

On motion to set aside a judgment, in a suit in which husband sued for partition, etc., of realty of which he and his defendant wife were co-tenants, etc., it appearing that upon stipulation of respective counsel to the effect that said property and other property was acquired from joint efforts of the parties since their marriage, and that evidence theretofore taken in a divorce proceeding between them should constitute the rec-

ord of evidence upon which court should render judgment in the present action; the court, upon said stipulation alone, having signed decision and rendered judgment accordingly, (save that certain property standing in plaintiff's name was not mentioned in findings or judgment), and providing for a certain annual payment for support of defendant and minor child, and making plaintiff trustee of all said property, with right to manage, sell etc., the same; **held,** that such judgment should be set aside; it further appearing that trial judge did not read the findings submitted to him, and did not know until after entry of judgment, that the same was not a judgment in the original divorce suit; that the facts show, if not fraud practiced on defendant, then mutual mistake as to facts on part of both parties and their counsel, which mistake lead to misapprehension on part of trial judge, as to the true situation.

**(3). Judgments—Setting Aside After a Year—Statute, Whether Applicable to Mutual Mistake, Fraud, Misapprehension.**

Code Civ. Proc. Sec. 151, authorizing opening of judgments within one year, on ground of mistake, inadvertence, surprise or excusable neglect of moving parties, is inapplicable where motion is based upon facts showing either mutual mistake of the parties' attorneys, or fraud on the part of plaintiff, and misapprehension of trial judge.

Smith, J., not sitting.

Appeal from Circuit Court, Meade County. HON. JAMES McNENNY, Judge.

Action by Richard E. Purinton, against Sadie B. Purinton, for partition, etc., of realty. From an order setting aside a judgment in favor of plaintiff, he appeals. Affirmed.

*Harry P. Atwater,* and *H. M. Lewis,* for Appellant.

*Martin & Mason,* for Respondent.

(2) To point two of the opinion, Respondent cited:

Noreiga v. Knight, 20 Cal., 173; Wells v. Penfield, (Minn.) 72 N. W. 817.

(3) To point three, Respondent cited:

Civ. Code, Sec. 1201; Whittaker v. Warren, 14 S. D. 611; Williams v. Fairmount District 129 N. W. 1027 (N. D.); Parsons v. Balson, 109 N. W. 136 (Wis.) 23 Cyc. 907; Cline v. Duffy, 129 N. W. 75 (N. D.).

WHITING, P. J. Appeal by plaintiff from an order opening up and setting aside a judgment for the purpose of a trial upon the merits. The action was started in January, 1913. Plaintiff claimed to be a cotenant, joint tenant, and tenant in common with

defendant, of a farm and certain other real property the title to which stood in defendant's name. He prayed a judgment partitioning said property, or, if partition of same could not be had, then for a sale thereof and division of the proceeds. Defendant answering claimed to be the sole owner of such property, and, as a counterclaim, alleged that defendant was in possession of and held title to certain described real and personal property acquired through the joint efforts of these parties. She prayed that plaintiff's complaint be dismissed, that she be adjudged the sole owner of the property described in the complaint, and that the remaining property be so partitioned between the parties as to the court might seem equitable and just. In December, 1913, a written stipulation was entered into between the parties, wherein it was stipulated that all the property described in the pleadings and certain other property was acquired from the proceeds and profits of the joint efforts of these parties since their marriage; and that such stipulation and all evidence theretofore taken in a divorce proceeding between these parties should constitute the record and evidence of the facts upon which the court should render its judgment in this action. The trial court, the Hon. Wm. G. Rice, thereafter signed a decision and judgment herein. The decision recited that the parties appeared through their attorneys, that the court heard and considered evidence, and set forth the court's findings of fact and conclusions of law. The court found the parties to be husband and wife; that certain of the property described in the stipulation, including therein the farm which stood in defendant's name, had been acquired through the joint efforts of the parties during their married life (omitting, however, any reference to a part of the property that stood in plaintiff's name); that defendant was in poor health and incapable of managing her interest in the property; that plaintiff was a fit person to manage and control such property; and that the sum of $600 per year was required for the support of defendant and a minor child of these parties. The court concluded that the parties were joint and equal owners of the property described in the findings; that plaintiff was a fit person to become trustee of all of said property "with full right and authority to manage, control, care for, bargain, grant, sell, mortgage, and convey the said property, and to collect the rents and proceeds therefrom, and reinvest the same to the use and benefit of" the

parties hereto; and that defendant should receive from the rents, profits, and proceeds of such property, for herself and minor child, the sum of $600 per annum. The judgment conformed to such findings and conclusions and was entered January 26, 1914. Such judgment provided that the trusteeship of plaintiff should continue during the lifetime of defendant, "unless discharged by order of this court upon due proceedings had."

[1] There was serious conflict in the evidence submitted upon the motion to set aside such judgment. In view of the decision of the trial court, such conflict must, wherever it occurs, be resolved in favor of defendant. The action of the trial court in determining whom to believe is conclusive in this appeal. Patterson v. Keeney, 165 Cal. 465, 132 Pac. 1043, Ann. Cas. 1914D, 232. There was evidence from which the trial court, the Hon. James Mc-Nenny, successor of Hon. Wm. G. Rice, could, and for the purposes of this appeal we must presume did, find as follows: That the farm, standing in name of defendant and which is the real bone of contention, was probably the separate property of defendant purchased by her with moneys in which plaintiff had no interest. That these parties had been married some 30 years. That some time in the latter part of 1912 a divorce case between these parties was tried before the Hon. Wm. G. Rice as trial judge. That it does not appear that any final judgment was entered in that case, but there had been at least an announcement that the court would deny a divorce and would refuse to make any adjudication of the property rights of the parties; he being of the opinion that there was not sufficient evidence before him to warrant any adjudication of property rights. That, in the present action, one Gray was attorney for plaintiff, and one Evans, for defendant. That for a long period prior to entry of judgment herein defendant, who lived in Nebraska, had been an invalid, unfitted to attend to business matters. That on December 14, 1913, Evans wrote a letter to defendant in which, among other things, he stated:

"We are enclosing you a stipulation that after carefully reading it, we believe that you will sign. We had quite a talk with the court, Judge Rice, and there is nothing in this but what is practically a decision of his. We have made a stipulation of the real facts in the case and if you sign it you will not need to come up but we can try it before the court and he can make a

judgment of the proper disposal of the property without any further order.

"* * * Of course we alleged that you had a separate property right in that which was and is in your name, but if you will recall our talk on the matter I think you will remember that our statement was that the whole property was joint. There is no question about that part of it as that is law and Judge Rice stated to us that such is in fact the law. * * *

"Mr. Gray persuaded Mr. Purinton to sign this and it is our belief that this will be the best way to settle the matter as we can argue the case and you know Judge Rice well enough to know that he will do the absolutely fair thing in making an equitable division of the property. In other words, the whole matter will then be left to Rice without the expense and fuss of a trial and giving of evidence. You think it over and if you have any objections let us know at once as it is set for this term and the term will slip by and we don't want to be forced to a trial without a few days' notice to get the evidence. Personally we think that this is the very best arrangement that can be made."

That it does not appear clear as to how Evans came to make the representations quoted above, but, as a matter of fact, Judge Rice had never announced any decision or expressed any opinion as regards the property rights of these parties. That, believing from said letter that the court had determined the ownership of all this property, and that it was useless for her to refuse to sign the stipulation, defendant signed the same, but would not have signed it if she had not understood that the court had heard evidence and decided the case. That thereafter a judgment was prepared by Mr. Gray, but, being unsatisfactory to plaintiff, plaintiff discharged Gray and engaged one Milek as his attorney. That all that Milek knew about the case was what his client had told him. That Milek supposed there had been a regular trial of the cause and that the judge had announced what his decision would be. That, acting upon such supposition and in accordance with the facts as he understood them, Milek prepared the findings, conclusions, and judgment. That he presented them to Evans at a time when Evans was taking the train to attend to a matter of deep personal interest to himself and which was occupying his

mind at that time, and, without reading same to see whether they were in accordance with the stipulation, Evans "O, K.'d" the same. That Evans also believed that Judge Rice had passed upon the issues of the case. That the decree prepared by Gray provided that plaintiff, as trustee, should make reports to the court; and that he could not sell the farm, (which defendant claims to own) except under an order of the court. That Evans did not know that these provisions were not in the decree "O. K.'d" by him. That these papers were then presented to Judge Rice by Milek, not in open court, and Judge Rice, seeing them "O. K.'d" by Evans, signed same without reading them or the pleadings. That Judge Rice never knew that there was any case, involving the property rights of these parties, other than the divorce case, until in the spring of 1917. That Judge Rice would not have signed the decision and judgment without reading them if it had not been for such "O. K."; and, if he had read them and the pleadings and stipulation, he would not have signed same. That defendant, after its entry, soon learned of such judgment and of the provisions thereof, and took immediate steps to and did employ counsel to seek a modification thereof or a new trial. That, for some reason not disclosed herein, the attorneys so employed, after obtaining a temporary stay of such judgment, took no further action. That from that time until the spring of 1917, plaintiff left defendant in full control of the farm of which she claimed to be the owner. That defendant was thus led to believe that plaintiff did not intend to enforce the provisions of such judgment. That she received the rentals from said farm up to the year 1917. That, while plaintiff gave her moneys from time to time, he did not claim to be doing so under the provisions of such judgment. That in the spring of 1917 plaintiff for the first time attempted to exercise authority over this farm and ousted defendant's tenant from possession thereof. That defendant then engaged her present counsel and soon thereafter learned that the representations contained in Evans' letter of December 14, 1913, were untrue; that Judge Rice had never, prior to the judgment in this action, made any ruling or announced any decision or views as to the property rights of these parties; and that Judge Rice had been misled into signing the judgment herein through the "O. K." upon the papers and signed same without knowing that it was a judgment in this

case, and without knowing that it did not conform to the pleadings and stipulations.

Appellant contends that under the above facts respondent was not entitled to the relief granted her—that at best it is a case where defendant could only ask relief for excusable neglect and that she was bound to seek such relief within a year from notice of entry of such judgment.

[2] The above facts show, if not fraud practiced on plaintiff, then mutual mistake as to facts on part of both parties and their counsel. This mistake clearly led to a misapprehension, on the part of the trial judge, as to the true situation. We cannot believe that, if it were not for mistake as to the facts, any attorney would ever have prepared such a decision and judgment herein—a decision and judgment in large part unsupported by the stipulation, omitting as it did part of the property covered by the stipulation and pleadings and, upon the other hand, containing provisions wholly unwarranted by either the pleadings or stipulation. Neither can we believe that any attorney, knowing the true facts and acting honestly as counsel for defendant, would ever have written the letter of December 14, 1913, or have O. K.'d the decision and judgment if he had read same. And certainly no court, unless misled by such O. K., would ever have signed such decision and judgment—the same not being supported by the pleadings or stipulation and containing provisions therein which, under the facts of this case, especially in view of the strained relations existing between these parties, were, to speak mildly, highly improper.

[3] Appellant contends that the time within which respondent could move for the opening of this judgment and for a trial of the issues was, by section 151, C. C. P., limited to one year from the time when she received notice of judgment. In this contention appellant is in error. Such section applies only where the motion is based solely upon the "mistake, inadvertence, surprise, or excusable neglect" of the moving party. Whittaker v. Warren, 14 S. D. 611, 86 N. W. 638. The power of a court to open up a judgment for a sufficient reason does not rest upon statute, though statutes may limit the power; but such power is one inherent in a court and, except as limited by statute, is within the sole control of the courts. As was said in Ladd v. Stevenson, 112 N. Y. 332, 19 N. E. 844, 8 Am. St. Rep. 748, in holding that the power of

a court was not limited by the provisions of a section like section 151, supra:

"In the exercise of its control over its judgments, it may open them upon the application of any one for sufficient reason, in the furtherance of justice. Its power to do so does not depend upon any statute, but is inherent, and it would be quite unfortunate if it did not possess it to the fullest extent."

In Donnelly v. McArdle, 14 App. Div. 217, 43 N. Y. Supp. 560, the court sustained an order opening a judgment and allowing trial upon the merits where the judgment was entered through misapprehension of the trial judge. This relief was granted nearly four years after entry of judgment. The following words used by the trial court when granting the motion in that case are peculiarly applicable to the facts of this case:

"Owing to a clear misapprehension—in which all parties, including the court, shared—the plaintiff has never had a trial in the proper sense of that term."

The order appealed from is affirmed.

SMITH, J., not sitting.