PURINTON, Appellant, v. PURINTON, Respondent.

(176 N. W. 31.)

(File No. 4500.    Opinion filed January 30, 1920.)

1.  Quieting Title—Husband and Wife—Wife's Ownership of Realty
    Claimed by Husband, Findings Sustained.

    In a suit between husband and wife to quiet title to certain
    realty claimed by each, trial court's findings that respondent

had paid purchase price for a certain farm, and that title was in her because she was sole owner, sustained.

2. **Same—Title—Rents and Profits to Wife, Husband's Receipt of Notes. as Rentals, Injunction Against Their Disposition In Previous Vacated Judgment, Effect.**

Where, in a suit by husband against wife to quiet title to various tracts of realty claimed by each, court found that defendant had been in possession of a certain farm and had received rents and profits thereof since the land purchase, except that plaintiff in one year assumed to lease the premises, receiving as rentals thereof promissory notes; it appearing that in a previous vacated judgment in the same suit court had enjoined plaintiff from disposing of the notes or proceeds thereof, but to preserve same subject to further order, and that plaintiff's trusteeship in re said land was thereby terminated, and that it appeared to court that plaintiff had recently obtained said notes; held, that said previous order was sufficient evidence and authority for the finding under the present judgment; that court might have included this matter of the notes in the judgment and decree without specific finding of fact, as same related to and was based upon court procedure in pertinent matters transacted by court itself.

3. **Evidence—Stipulation of Fact Procured by Fraud, Mistake, Oral Evidence to Vary, Tenability—Fraudulent Character of Stipulation, Order Vacating Judgment Based On, Res Judicata.**

Where in a pending suit, stipulation of fact, made the basis of the original judgment, was alleged and adjudicated to have been procured by fraud and mistake, held, that oral testimony to vary and destroy the legal effect of the stipulation was properly admitted; such evidence being a well known exception to the general rule. Held, further, that the question of the fraudulent character of the stipulation was disposed of and became final under trial court's order vacating the original judgment, and the decision of Supreme Court affirming said decision.

Appeal from Circuit Court, Meade County. Hon. JAMES McNENNY, Judge.

Action by Richard E. Purinton against Sadie B. Purinton, to quiet title to realty. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Harry P. Atwater, and H. M. Lewis,* for Appellant.

*Martin & Mason,* for Respondent.

(2) To point two of the opinion, Appellant cited: 36 Cyc. 1224.

(3) To point three, re oral evidence, Appellant cited: 36

Cyc. 1298; and re setting aside judgment for fraud in procuring stipulation cited: 36 Cyc. 1295, and cases cited.

McCOY, P. J. This action was commenced to determine conflicting claims to real estate owned by plaintiff and defendant, husband and wife. The complaint alleges that a certain quarter section of farm land in Turner county and certain home property in the city of Sturgis, the title of which then stood in the name of the defendant, had been accumulated by the joint efforts of plaintiff and defendant, and that each had an undivided one-half interest therein, and prayed that such interest and claim be established by decree of court. Defendant answered, denying that said lands mentioned in the complaint were accumulated by the joint efforts of plaintiff and defendant, but affirmatively alleged that they were purchased from defendant's own separate estate. The defendant also alleged that plaintiff was the record owner of certain other lands situated in Meade county, and that said lands were purchased by the joint accumulations of said parties since marriage. Defendant prayed judgment that she be decreed the sole owner of the Turner county farm, and the home property in the city of Sturgis, and that she also be decreed the owner of an undivided one-half interest in the other Meade county lands standing of record in the name of plaintiff. Thereafter a stipulation was made and entered into by and between plaintiff and defendant, reciting the value of the different parcels of property, and agreeing that all of the same were bought by the proceeds of their joint efforts since marriage; and further stipulated that each was an owner of an undivided one-half interest in the whole of said property, irrespective of whose name the record title was in. Based upon said stipulation, a judgment was thereafter entered, decreeing each of said parties to own an undivided one-half interest in and to the whole of said lands, and appointed plaintiff trustee of his wife's interest, with full power to sell and convey the same. Thereafter a motion was made by defendant to open and vacate said judgment on the ground that the stipulation, and defendant's consent thereto, had been procured by fraud or mistake. Said motion having been granted, the said judgment was thereafter by order of the trial court opened and vacated, and which order of vacation was on appeal to the Supreme

Court affirmed. Puritan v. Puritan, 41 S. D. 125, 169 N. W. 236. Thereafter trial upon the merits was had, and findings made and judgment rendered decreeing defendant to be the sole owner in fee and entirety of the Turner country farm, and restraining plaintiff from in any manner interfering with her possession. Said judgment also decreed that plaintiff was the owner of the Meade county farm land and home property in Sturgis.

[1] Plaintiff's motion for a new trial having been denied, he brought the cause to this court on appeal. Appellant questions the sufficiency of the evidence to sustain said findings. The court, among other things, found that respondent had paid from her own separate estate the purchase price for the Turner county land, and that the title to said farm was placed in her name for the reason that she was the sole owner thereof. We are of the opinion that the evidence fully sustains this finding. It will serve no useful purpose to further refer thereto.

The court further found that defendant entered into possession of said premises at the time of the purchase of said Turner county land, and ever since had been in possession of the same, excepting as temporarily interfered with by the plaintiff since the commencement of this action, and that the defendant has received rents and profits of said premises since the purchase of said land, except that the plaintiff in 1917 assumed to lease said premises, receiving rentals therefor two certain promissory notes amounting to $650, and that by written order of this court, heretofore made, the plaintiff was directed to make no disposition of said notes or the proceeds thereof, but to preserve the same subject to the further order of the court. Appellant assigns that there is no evidence to support this finding. It appears, however, from the record that the trial court theretofore made an order, reciting that the trusteeship of the plaintiff, in so far as it related to the Turner county land, was thereby terminated, and that it appeared to the court that plaintiff had recently obtained said two promissory notes, and that it was thereby ordered that said plaintiff should make no disposition thereof, but should preserve the same subject to the further order of the court.

[2] We are of the view that the previous order of

the court, terminating the trusteeship of the appellant under the original judgment that was afterwards vacated, was sufficient evidence and authority for the finding in this case. We are also of the view that the court might have included this matter of said notes in the judgment and decree. without any specific finding of fact, as the same related to and was based upon court procedure appertaining to pertinent matters transacted by and under the supervision of the court. itself.

[3] By various objections and specifications of error appellant has raised the question that it was error to receive oral evidence to vary or contradict the stipulation of fact which was the basis of the original judgment. We are of the view that the court committed no. error in the admission of such testimony. That oral testimony may be admitted to vary and destroy the legal effect as evidence of a written document, where it is alleged that such document was procured by fraud or mistake, is well established. It is an exception to the general rule. This exception is so well established that we do not deem it necessary to cite authorities to sustain the same. We are also of the view that the question as to the fraudulent character of said stipulation was disposed of and became final by reason of the order of the trial court vacating and setting aside the original judgment, and the decision of this court on appeal affirming the decision of the lower court. All other assignments of error have been carefully considered.

Finding no error in the record, the judgment and order appealed from are affirmed.