JANSSEN, Respondent, v. TUSHA, et al, Appellants
(two cases)

(5 N. W.2d 684.)

(Files Nos. 8523-8524. Opinion filed September 25, 1942.)

Rehearing Dismissed December 5, 1942

**Herman Bleeker** and **Danforth & Seacat,** all of Alexandria, and **Danforth & Danforth,** of Sioux Falls, for Appellant.

**H. Van Ruschen,** of Salem, for Respondents.

**Joe W. Flood,** of Salem, for Impleaded Defendants and Respondents.

ROBERTS, J.   Plaintiffs commenced separate actions to quiet title to separate tracts of realty.   Defendants interposed so-called counter claims and cross-complaints demanding judgments for foreclosure of mortgages on the separate tracts and for any deficiencies that might arise upon sales of the properties.   The judgment in each action specifically adjudicated "that if the proceeds of such sale be insufficient to pay the amount adjudged to be due to the Defendant, Lena Tusha, as administratrix with the Will annexed of the Estate of Anna Janssen, Deceased, with interest, costs and expenses as aforesaid, the Sheriff shall specify the amount of such deficiency in his Report of Sale, and that the Plaintiff pay the same to the said Defendant, with interest from the date of sale; and that the Defendant, Lena Tusha, as administratrix with the Will annexed of the Estate of Anna D. Janssen, Deceased, have execution for such deficiency against the property of the said Plaintiff."   The judgments entered February 5, 1940, were affirmed by this court March 27, 1941, and petitions for rehearing were denied April 21, 1941.   Janssen v. Tusha et al., 67 S. D. 597, 297 N. W. 119. The mortgaged properties were purchased by defendant administratrix at the sales held April 24, 1940, and the sale price of each tract was $6,500.   The sheriff reported deficiencies of $3,830.31 and $3,555.27.   The sales were approved and confirmed.

Plaintiff and impleaded defendant in each of these actions made a motion to vacate and set aside the judgment for deficiency.   These motions were presented and filed June 24, 1941.   They were made upon the ground that the court erred in entering the deficiency judgments without complying with the provisions of Chap. 146, Laws 1939; that the court was without jurisdiction to enter the deficiency judgments not having determined as provided in this act

the fair and reasonable value of the mortgaged properties. The court below granted the motions and defendants have appealed.

Defendants contend (1) that the judgments for deficiencies had become final decrees and that the trial court was without authority to vacate and set them aside; and (2) that Chap. 146, Laws 1939, is unconstitutional because of defective title and insofar as it affects pre-existing mortgages it places such restrictions and limitations upon the right to recover debts secured by such mortgages as to constitute an impairment of the obligation of contracts within the meaning of the federal and state constitutions.

■■■ The first contention to be considered is the power of the trial court to vacate and set aside in each case the amount of the deficiency remaining after the foreclosure sale. It is the settled law that courts of general jurisdiction independent of statutory authority have inherent power under proper circumstances to set aside or vacate their own judgments. Purinton v. Purinton, 41 S. D. 125, 169 N. W. 236; Boshart v. National Ben. Ass'n, Inc., of Mitchell, 65 S. D. 260, 273 N. W. 7. The circuit court may not review, modify, or otherwise disturb its judgments regularly entered. They can be reviewed only in the manner prescribed by law. Lockard v. Lockard, 21 S. D. 134, 110 N. W. 104. This court in Jennings v. Des Moines Mutual Hail & Cyclone Ins. Ass'n, 33 S. D. 385, 146 N. W. 564, 565, in discussing the authority of a trial court to vacate or set aside a judgment on motion, said:

"The remedy by motion is available only in case of irregular and void judgments (irregular and void by reason of the want of jurisdiction or want of adherence to some essential legal procedure), and cannot be resorted to as a means of enabling the court to review, revise, or correct errors of law into which it may have fallen. That a judgment is erroneous as a matter of law is ground for appeal; but it is no ground for setting aside the judgment on motion. A motion to set aside a judgment cannot be made to perform the office of an appeal."

■ Courts have power to rectify inaccuracies in mere matters of form or clerical errors ·and to vacate and set aside on motion judgments inadvertently entered. Purinton v. Purinton, supra; Boshart v. National Ben. Ass'n, Inc., supra. There is no claim of inadvertence in entering the judgments in the instant cases. At the time the judgments were entered, the circuit court had under consideration the effect of Chap. 146, Laws 1939, and concluded that this statute had no application to these actions. It was upon this construction of the statute. that the court required undertakings to stay executions pending appeals to this court, conditioned for the payment of the deficiencies. Janssen v. Tusha et al., supra. The judge who presided at the hearings on motions to vacate and set aside the deficiencies adopted a different interpretation of the statute.

■ The question then is, Did the court have jurisdiction to enter the particular decrees or judgments that were entered? The test of jurisdiction is whether there was power to enter upon the inquiry and not whether the determination by the court of a question of law or fact involved is correct. As it was stated in Calhoun v. Bryant et al., 28 S. D. 266, 133 N. W. 266, 269:

"So far as the jurisdiction itself is concerned, it is wholly immaterial whether the decision upon the particular question be correct or incorrect. Were it held that a court had 'jurisdiction' to render only correct decisions, then, each time it made an erroneous ruling or decision, the court would be without jurisdiction, and the ruling itself void. Such is not the law, and it matters not what may be the particular question presented for adjudication, whether it relate to the jurisdiction of the court itself, or affects substantive rights of the parties litigating; it cannot be held that the ruling or decision itself is without jurisdiction, or is beyond the jurisdiction of the court. The decision may be erroneous, but it cannot be held to be void for want of jurisdiction."

■ The court had jurisdiction of the parties and of the subject matter. It had jurisdiction to enter a deficiency

judgment in a proper case. If the proof showed that it was improper to enter judgments for deficiencies, it was error, but the court did not exceed its jurisdiction. Being of the opinion that the judgments for deficiencies were not subject to attack, other questions presented need not be considered.

The orders appealed from are reversed.

RUDOLPH, P.J., and POLLEY and SMITH, JJ., concur.
WARREN, J., not sitting.