MICHELS, Respondent, v. KIRFEL, Appellant

(6 N. W.2d 162.)

(File No. 8527.   Opinion filed November 9, 1942.)

Rehearing Denied December 17, 1942.

Fellows & Fellows, of Mitchell, for Rose Kirfel, Defendant and Appellant.

Zollman & Navin, of Mitchell, and Morgan & Whiting, of Mitchell, for Plaintiff and Respondent.

PER CURIAM. The appellant foreclosed by action a mortgage that he held upon real property of respondent. A deficiency remained after foreclosure sale, and judgment was entered against respondent for this deficiency. The appellant took out a general execution based upon this deficiency judgment and levied upon other real property belonging to respondent. The property was sold at execution sale, and a sheriff's certificate of sale issued to appellant. This present action was brought to enjoin the issuance of the sheriff's deed based upon the execution sale.

It is the position of respondent and the view taken by the trial court that the court was without jurisdiction to enter a deficiency judgment in the foreclosure action because of the failure of the appellant in that action to comply with the provisions of Ch. 146, Laws of 1939, and the court being without jurisdiction the judgment for a deficiency is void and subject to attack in this action. This court has recently held contrary to respondent's position. Janssen v. Tusha, 68 S. D. 639, 5 N. W.2d 684. We adhere to the holding in the Janssen-Tusha case and it follows that the judgment of the trial court must be reversed.

All the Judges concur.