# Gearhart's Ex'r and Ex'x v. Howard, Com'r of Revenue, et al.

May 14, 1946.
Rehearing Denied September 27, 1946.

Wm. B. Gess and Scott Reed for appellants.

Eldon S. Dummit, Attorney General, and Roy W. House, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

This is an appeal from a judgment of the Franklin Circuit Court sustaining the ruling of the Department of Revenue to the effect that certain notes held by the personal representatives of George H. Gearhart are subject to inheritance taxes under the provisions of KRS 140.-010, which provides in part as follows:

"All real and personal property within the jurisdiction of this state and any interest therein belonging to inhabitants of this state * * * which shall pass by will * * * is subject to a tax upon the fair cash value as of the date of death of the grantor or donor of the property * * *. This tax shall be imposed when any such person or corporation becomes beneficially entitled in possession or expectancy to any property or the income thereof by any such transfer."

The only issue presented is whether a note or other obligation of an insolvent beneficiary, whose share equals or exceeds the value of the obligation, has a value subject to inheritance tax and is taxable to such beneficiary.

The facts are stipulated and are as follows:

George H. Gearhart died testate, a resident of Fayette County, on the 2nd day of May, 1942. He bequeathed personal property of the value of approximately $6000 and devised real estate of the value of $9000 to a daughter, Christine King, in fee simple. By the residuary clause of the will the balance of his estate was left in equal portions to his daughter, Christine King, and to his son, P. C. Gearhart, in fee simple. The residue of the estate consisted of cash, stocks, bonds, and two promissory notes of P. C. Gearhart payable to the testator. P. C. Gearhart, at the time of testator's death, was insolvent and had no assets except those receivable by him as a legatee under the residuary clause of the will.

The Department of Revenue certified inheritance taxes due upon a net valuation of the estate, including the face value of the two notes of P. C. Gearhart, plus interest thereon.

Appellants contend that this tax was erroneously assessed because the two notes were worthless, as the maker of the notes was insolvent, and that if the assessment is sustained double taxation will result.

On the other hand, the Department of Revenue argues that where the share of the beneficiary equals or exceeds the value of the obligation, such obligation has a value subject to inheritance tax and is taxable to the beneficiary for inheritance tax purposes. In support of this position it is contended that at the instant of death of the testator the insolvent maker of the notes became solvent, and such note immediately acquired a value to the estate because they can be collected, and a value to the beneficiary because he liquidates a liability.

In the case of Martin v. Storrs et al., 277 Ky. 199, 126 S. W. 2d 445, this court determined that the inheritance tax is grounded upon:

(1) The passage of title; (2) by reason of death; (3) from the decedent; (4) to the beneficiary. See also

Department of Revenue of Commonwealth of Kentucky et al. v. Lanham's Adm'rs, et al., 278 Ky. 419, 128 S. W. 2d 936.

It is clear that the decedent in his life time had title to the subject notes and the title thereto passed from him to his son by reason of his death.

An inheritance tax is imposed upon the beneficiary and upon his right to receive property, and is distinguished from an estate tax, which is a tax imposed upon the exercise, by the decedent, of the privilege of transmitting property upon death. For the purpose of levying an estate tax the estate is valued at the time of the death of the testator and a later appreciation, or depreciation, in the value of the estate may not be taken into account in valuing the estate for estate tax purposes. The notes involved would not be subject to an estate tax.

Appellants rely chiefly on In re Bowers' Estate, 196 Wash. 79, 81 P. 2d 813, and claim that it is directly in point. At first glance it would appear that the case is very similar to the case under consideration, but the opinion discloses that the Statute of Limitations had run against the notes involved and that the bequest to the maker of those notes was insufficient to pay them. Those two facts, we think, distinguish that case from the case under consideration, and we have been cited to no case in either this or any foreign jurisdiction which seems to settle this question.

Keeping in mind the basis for the imposition of inheritance taxes, as set out above, and approaching the question from that viewpoint, we find here that the bequest to the maker of the notes exceeds the amount of such notes and interest thereon. We find that at the time of the death of the testator the insolvent beneficiary becomes solvent and the notes acquire value to the estate because they can be collected or sold. We find that the obligation is valuable to the beneficiary for the reason that he liquidates a liability and therefore receives something of value. Likewise, the notes have value to the other beneficiary as the residue estate is increased by the amount of such notes and the interest due thereon. We see no reason why this beneficiary should not be required to pay the same amount of tax as is paid by his sister. The notes are personal property belonging

to an inhabitant of this state and passed under the will. They do have value since they are collectible in full and their fair cash value is a sum equal to their face plus accrued interest.

Other cases are cited by appellants, but upon examination we find they are distinguishable and are little or no help in determining this question.

We have concluded that the notes were properly included at their full value, for the purpose of imposing inheritance taxes, and it follows therefore that the judgment of the Circuit Court is correct and it is affirmed.