In the Matter of the ESTATE OF Ethlyn M. DAVIS, Deceased.

No. 18442.

Supreme Court of South Dakota.

Argued March 22, 1994.

Decided Nov. 16, 1994.

See also 906 F.2d 1206.

Mark Barnett, Atty. Gen., Jan L. Holmgren, Sp. Asst. Atty. Gen., Pierre, for appellant State.

F.M. Smith and Michael Billion of Woods, Fuller, Shultz & Smith, Sioux Falls, for appellee Estate of Davis.

KONENKAMP, Justice (on assignment as a Circuit Court Judge prior to appointment as a Supreme Court Justice).

The South Dakota Department of Revenue (Department) appeals the trial court's decision to redetermine inheritance tax and grant a refund to the Estate.

Ethlyn M. Davis died on November 4, 1986 before the final outcome of her lawsuit against the brokerage firm of Merrill Lynch, Pierce, Fenner & Smith (Merrill Lynch). The suit, brought in the United States District Court, sought compensatory damages of $122,674 and punitive damages of $6,000,000 for alleged wrongful acts, including account churning. The Estate's Inheritance Tax Re-

port claimed a deduction for attorney's fees for the Merrill Lynch lawsuit, but failed to list the lawsuit itself as an asset. The Department brought this oversight to the Estate attorney's attention, and he and the Department's attorney executed a written stipulation providing, among other things, that "the proceeds, if any, of the cause of action against Merrill Lynch are subject to the South Dakota Inheritance Tax less allowable deductions under SDCL 10–40–26." The circuit court entered an order adopting the stipulation on February 28, 1990.

The Merrill Lynch lawsuit settled for $2,000,000 on October 17, 1990. The attorneys who handled the lawsuit later appeared on behalf of the Estate and moved on December 4, 1991 to set aside the stipulation alleging a legal mistake in the method of valuing the lawsuit and the Estate attorney's lack of authority to enter the stipulation. The Estate paid the tax due of $147,293.75 in January, 1991, then filed an amended inheritance tax report valuing the lawsuit at $10,000 on the date of death and requested a refund. The Department refused.

At the hearing to set aside the stipulation and order, both the Estate attorney and the Department's attorney testified that they believed at the time they made their stipulation that for inheritance tax purposes a cause of action is valued based on its proceeds. The trial court determined that the stipulation and order of February 28, 1990 should be vacated on a mutual mistake of law. Finding mistake dispositive, the court made no finding on the Estate's claim that its attorney lacked authority to enter the stipulation. After hearing expert testimony, the court then valued the Merrill Lynch lawsuit at $62,285 on the date of death. In its judgment of June 16, 1993, the trial court ordered a refund after allowing the Estate a deduction for attorney's fees and costs incurred in seeking to set aside the stipulation and order.

## IS THE DEPARTMENT'S APPEAL TIMELY?

The trial court entered an order and judgment on March 30, 1993, granting the Estate's application for redetermination of inheritance tax due and requiring the Department to refund excess taxes paid based the lawsuit's newly determined date of death value. On April 27, 1993, the Estate filed a second claim for redetermination and refund for the amount of attorney's fees incurred in the prosecution of its claim for an inheritance tax redetermination. The court entered a judgment on that matter on June 16, 1993, allowing for a reduction in value for attorneys fees and costs. The Department filed its notice of appeal on August 12, 1993.

The Estate contends that the Department's appeal of both orders is untimely under SDCL 10–41–37, which allows the State thirty days to appeal a circuit court's determination of inheritance tax due. We disagree. First, the March 30, 1993, order was not final pursuant to SDCL 15–26A–3, because the Estate itself effectively reopened the matter when it sought a further inheritance tax redetermination, which was not resolved until the June 16th order. Second, this is a refund action pursuant to SDCL 10–41–83. *In re Estate of Wartenhorst*, 87 S.D. 538, 211 N.W.2d 705 (1973). For refund actions the proper time for appeal is prescribed by SDCL 15–26A–6. Since the appeal was noticed within sixty days of the June 16th order, the Department's appeal is timely and we have jurisdiction to hear both the question of whether the stipulation and order should have been set aside and the allowance of the attorney fees deduction.

## DID THE TRIAL COURT HAVE JURISDICTION TO SET ASIDE THE STIPULATION AND ORDER OF FEBRUARY 28, 1990?

The trial court believed that it had jurisdiction to vacate its earlier order approving the stipulation for four reasons: (1) Inherent power of the court; (2) the stipulation and order were void as they contravened South Dakota law; (3) SDCL 15–6–60(b)(6) allows a court to relieve a party from a final order for "[a]ny other reason justifying relief from the operation of the judgment;" (4) SDCL 10–41–83 empowers the court to grant a refund of taxes erroneously paid. We will examine each of these reasons.

The circuit court first invoked the inherent power of the court citing *Purinton*

*v. Purinton*, 41 S.D. 125, 131, 169 N.W. 236, 238 (1918):

> The power of a court to open up a judgment for a sufficient reason does not rest upon statute, though statutes may limit the power; but such power is one inherent in a court and, except as limited by statute, is within the sole control of the courts.

But in commenting on inherent power this Court has also stated

> The remedy [to set aside a judgment] by motion is available only in case of irregular and void judgments (irregular and void by reason of the want of jurisdiction or want of adherence to some essential legal procedure), and cannot be resorted to as a means of enabling the court to review, revise, or correct errors of law into which it may have fallen.

*Janssen v. Tusha*, 68 S.D. 639, 642, 5 N.W.2d 684, 685 (1942) (quoting *Jennings v. Des Moines Mutual Hail & Cyclone Ins. Ass'n*, 33 S.D. 385, 146 N.W. 564, 565 (1914)). As recently as 1985 we relied on *Purinton* to hold that a trial court was obliged to set aside its own judgment in the case of a mother who conditionally terminated her parental rights finding that such arrangement was the antithesis of full consent required by statute. *Matter of J.M.J.*, 368 N.W.2d 602 (S.D.1985). The lack of full consent was an essential legal procedure invalidating the judgment and empowering the court to set it aside. On the other hand, no essential legal process was broached here. Furthermore, we have long held that a court's inherent power cannot override a controlling statute and as discussed below, SDCL 15–6–60(b) controls. *Purinton, supra.*

■ The trial court determined that the attorney for the State and the Estate's attorney stipulated based on a mutual mistake of law. The court did not rely on SDCL 15–6–60(b)(1) which allows for relief on mistake, because the one year limitation period had obviously expired. The judge reasoned, nonetheless, that because the stipulation violated the statute, the order it was based on was a nullity. SDCL 15–6–60(b)(4) permits a court to set aside a judgment if it is void, but this section is inapplicable here. We have previously held that

> [a] judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.

*Crowley v. Trezona*, 408 N.W.2d 332 (S.D. 1987) (citing 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2862, at 198–200 (1973)). "The appropriate inquiry for the trial court under SDCL 15–6–60(b)(4) is limited to jurisdictional and due process issues only and the court is not empowered to relitigate the correctness of the decision." *Crowley*, 408 N.W.2d at 333.

■ The Estate and the Department undertook to resolve an uncertainty: the value of a cause of action on the date of decedent's death. They did so by agreeing to value the suit at whatever its proceeds would be and thus avoided the difficulty of trying to quantify the worth of pending litigation. We agree that the value of a cause of action as of the date of death, not its future proceeds, is what should be assessed for inheritance tax purposes. SDCL 10–40–2; *In re Jahn's Estate*, 65 S.D. 124, 271 N.W. 903 (1937). So the attorneys' understanding of the law was inaccurate, but this does not mean that an Estate and the State of South Dakota cannot stipulate to some other arrangement to avoid the time and expense of attempting to precisely value a pending cause of action. By statute the Department is given specific authority to stipulate to value for inheritance tax purposes. SDCL 10–41–32. As a general rule

> Since the parties assume the risk of mistake as to matters intended to be resolved by the compromise, a compromise and settlement is not defective merely because the parties were ignorant or mistaken as to the full extent of their rights.

15A Am.Jur. *Compromise and Settlement* § 33 (1976); *See* C. Wright & Miller § 2858, n. 10 (1973) (consent decrees based on errors of law ordinarily not set aside). *See also Smith v. Widman Trucking & Excavating*, 627 F.2d 792 (7th Cir.1980) where the court stated: "The rule [60(b) ] is not intended to enable litigants to avoid the consequences of

a decision to settle or compromise which in retrospect appears unfortunate." *Id.* at 795.

■ The trial court next relied on SDCL 15–6–60(b)(6) which allows redress from a final order if any other reason exists which justifies relief from the operation of the order. This catch-all provision allows a court to vacate an order for any reason justifying relief from the judgment; however, the catch-all cannot be used when one of the other specific grounds applies. Gifford v. Bowling, 200 N.W.2d 379, 382 (S.D.1972). Mistake is one of the specific grounds for relief provided by SDCL 15–6–60(b)(1) and as we have earlier seen, it was no longer available because the one year limitation period had expired.

■ The court also found that it had jurisdiction pursuant to SDCL 10–41–83 which allows for refund claims for inheritance taxes "erroneously paid." *Wartenhorst,* 211 N.W.2d at 707. *Wartenhorst* circumscribed the term "erroneously paid" in stating:

> A statute which provides for the additional tax on newly discovered assets after the inheritance tax has been paid, as ours does, surely is bound to permit the deduction of newly discovered and approved claims.

*Id.* at 709. No tax was paid here erroneously, because there were no new assets or claims discovered; the Merrill Lynch lawsuit was known and accounted for in the stipulation.

■ The Estate next contends that the trial court's order approving the stipulation was merely an interlocutory order which could be revised at any time prior to its becoming final pursuant to SDCL 15–6–54(b). The order of February 28, 1990 was not final, the Estate argues, because it stated only that the amount of inheritance tax would be set when the Merrill Lynch lawsuit's proceeds were determined. Yet the order was final insofar as it set the method for determining the tax. The amount could be figured by pure arithmetic process once the proceeds were ascertained. Furthermore, SDCL 15–6–54(b) applies only to actions. Actions are defined in SDCL 15–1–1(1):

> An action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement, determination, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. Every other remedy is a special proceeding....

A proceeding in probate to set inheritance taxes is a special proceeding.

■ The Estate asserts that its attorney was not authorized to enter the inheritance tax stipulation. This attorney testified at the motion hearing to set aside the stipulation and order that he signed the stipulation and submitted it for the court's approval without the knowledge or consent of the Estate's executor. The Executor testified that he did not become aware of the stipulation and order of February 28, 1990 until September 1990. Yet at the hearing the Executor conceded that the Estate attorney had his full authority to act on his behalf except for those matters which required his signature. We are reluctant to attribute to a client a settlement made by his attorney without the client's express knowledge and consent, but we believe SDCL 15–6–60(b)(1) covers these circumstances. SDCL 16–18–11; *Northwest Realty Company v. Perez,* 80 S.D. 62, 119 N.W.2d 114 (1963); cf. *Federal Land Bank of Omaha v. Sullivan,* 430 N.W.2d 700 (S.D. 1988). Relief from a final order for reasons of mistake, inadvertence, surprise or excusable neglect must be sought within one year from the entry of such order. SDCL 15–6–60(b)(1); *Smith v. Widman Trucking & Excavating,* 627 F.2d at 797 (settlement entered into mistakenly without client's consent falls under this rule). The Estate's claim based upon its attorney's lack of authorization to enter the stipulation is untimely.

■ Lastly, we examine the court's allowance of attorney fees as a deduction from the value of the estate. The court allowed all the attorney fees incurred in seeking to set aside the stipulation and order as well as the expert attorney's fee for giving the opinion of the Merrill Lynch lawsuit's value as of the date of death. SDCL 30–25–6 permits reimbursement to an executor for all necessary expenses in the care, management and settlement of the estate. Accordingly,

an executor is entitled to reimbursement for attorney's fees for litigation on behalf of the estate when it is conducted in good faith and with reasonable care and prudence. *Matter of Estate of Schuldt,* 457 N.W.2d 837 (S.D. 1990); *Matter of Estate of Lingscheit,* 387 N.W.2d 738 (S.D.1986). We make no comment on the propriety of the attorney's fees deduction, but in view of our holding that the Estate's claim for relief was untimely, we remand to the trial court for a redetermination of this deduction in light of *Schuldt* and *Lingscheit.*

Having determined that the trial court had no jurisdiction to set aside the inheritance tax stipulation and order, we need not reach the other matters alleged as error.

Reversed and remanded with instructions to reinstate the order of February 28, 1990 for payment of inheritance tax.

MILLER, C.J., and WUEST and SABERS, JJ., concur.

HENDERSON, Retired Justice, dissents.

KONENKAMP, Justice (on assignment as a Circuit Court Judge prior to appointment as a Supreme Court Justice), for AMUNDSON, J., disqualified.

HENDERSON, Retired Justice (dissenting).

It is a long-standing rule of law that the trier of fact, in its capacity as sole judge of the credibility of witnesses, may accept or reject all or part of an expert's testimony. *Lewton v. McCauley,* 460 N.W.2d 728 (S.D. 1990); *Cargill Inc. v. Elliott Farms, Inc.,* 363 N.W.2d 212 (S.D.1985); *State v. Romero,* 269 N.W.2d 791 (S.D.1978). Expert Deming Smith testified that the assets were capable of being valued at the time of Ethlyn Davis' death. He fixed the amount at $62,255.00. Another expert David Gerdes testified the lawsuit *was not capable of evaluation* at the date of death; but expressed that were he obliged to do so, his valuation would be at such a wide range that his valuation would be meaningless from an acceptable appraisal

viewpoint. The trial court accepted Smith's analysis and rejected the other.* We can reverse the trial court *only if* the ruling was a clear abuse of discretion. *Stormo v. Strong,* 469 N.W.2d 816 (S.D.1991).

In my opinion, settled law sides with the trial court. The lawsuit in question (1) was an asset of the estate and (2) was properly evaluated for tax purposes as of the date of decedent's death. In South Dakota, inheritance taxes are imposed upon succession and not upon property. *In re Jahn's Estate,* 65 S.D. 124, 271 N.W. 903 (S.D.1937). Per *Jahn's Estate,* 271 N.W. at 904, the interest which is transferred, is to be valued "... as of the date of the death of the decedent, without regard to any subsequent increase or decrease in value." The meaning of this holding has no area of doubt and darkness. The approach to valuation is not limited to South Dakota. *Indiana Dept. of State Rev. v. Estate of Cohen,* 436 N.E.2d 832 (Ind.App. 1982); *Matter of Estate of Van Duzer,* 369 N.W.2d 407 (Iowa 1985); *Gearhart's Ex'r and Ex'x v. Howard,* 302 Ky. 709, 196 S.W.2d 113 (Ky.App.1946); *Matter of Estate of Phillips,* 92 Wash.2d 362, 597 P.2d 1358 (1979); *Matter of Estate of Irish,* 89 Wis.2d 148, 277 N.W.2d 872 (1979); 42 Am.Jur.2d *Inheritance, Estate, & Gift Taxes* § 250 (1969).

Accordingly, the valuation is to be fixed at the time of the devolution of the property, which is the death of the transferor. *See In re Guider's Estate,* 63 S.D. 495, 260 N.W. 828 (1935). We should base our decision on Law, not on a private notion of policy. The lawsuit in question was property. SDCL 43–42–1. Valuation is a concept, and that concept is embraced in SDCL 30–16–4 and SDCL 30–16–9. Policy is expressed by our State Legislature for the people. A totality of these statutory enactments should govern. Unless otherwise provided by statute, this lawsuit had to be valued for tax purposes at the date of death. *Jahn's Estate,* 271 N.W. at 904.

An abuse of discretion occurs only if no "judicial mind, in view of the law and circumstances of the particular case, could reason-

---

* It becomes obvious why the circuit judge fastened upon a tangible opinion and avoided a vacuous locution.

ably have reached such a conclusion." *Jensen v. Weyrens,* 474 N.W.2d 261, 263 (S.D. 1991); *Matter of Estate of Pejsa,* 459 N.W.2d 243, 245 (S.D.1990). As the trial court applied settled law relevant to these issues, there can be no abuse of discretion. *Cody v. Edward D. Jones & Co.,* 502 N.W.2d 558, 561 (S.D.1993). Hence, I would affirm the Honorable EUGENE L. MARTIN, Circuit Judge.