## WALKER v. RUSSELL & BROTHER.

1. **Pleading:** STATUTE OF LIMITATIONS. Where the note sued on showed that it had been due more than ten years, but the petition set up facts in regard to the maker's residence avoiding the bar of the statute, an allegation in the answer that the note showed on its face that it was barred by the statute of limitations was properly stricken out on motion.

2. **Payment:** PRESUMPTION FROM LAPSE OF TIME. Where a note was payable in 1872, and action upon it was not brought until 1886, but payments were made as late as 1879, and the makers in the meantime failed in business and compromised with their creditors, *held* that the lapse of time did not raise a presumption that the note had been paid, and was not entitled to much consideration in the case.

3. **Appeal:** PRACTICE: ERROR WITHOUT PREJUDICE. The overruling of a motion by defendants for the security of costs is no ground for complaint on appeal, where the costs are adjudged against the defendants themselves, and such judgment is affirmed.

*Appeal from Guthrie District Court*—HON. O. B. AYRES, Judge.

THURSDAY, DECEMBER 8.

ACTION upon a promissory note. The defendants pleaded payment of the note and the statute of limitations. There was a trial by the court without a jury, and a judgment for the plaintiff. Defendants appeal.

· *E. W. Weeks*, for appellants.

*J. D. Brown* and *J. H. Appegate*, for appellee.

ROTHROCK, J.—I. Counsel for appellants filed his abstract and argument, but omitted to file an assignment of errors. Appellee filed a motion to affirm, because no errors were assigned. Thereupon appellants filed an assignment of errors three days before the first day of the term to which the appeal was taken. Appellee moved to strike the assignment and dismiss the appeal, because of the failure to assign errors within the time required by law and the rules of this court. A showing was made in excuse of the failure to serve and file the assignment. We will not determine in this case whether an appellant may, upon a proper showing, file his alleged errors after the time required. The result we reach in the case renders a ruling unnecessary upon this point.

II. Complaint is made because the court struck out a part of defendants' answer, in which it was alleged that the note sued upon showed upon its face that it was barred by the statute of limitations. We do not think this is erroneous. The note was more than ten years past due when the suit was commenced. But the plaintiff pleaded the residence of the defendants in the state of Illinois at the time the note was given, and their removal to this state less than ten years before the suit was commenced, and set forth in his petition the statute of Illinois, by which it appeared that the action was not barred. It is very plain that an averment that the note showed on its face that the action was barred was no answer to the averments of the petition.

1. PLEADING: statute of limitations.

III. The main question in the case is whether the court was warranted in finding from the evidence that the note was unpaid. The burden of establishing the plea of payment was on the defendants. We have carefully examined all the evidence, and we do not think we would be warranted in reversing the judgment on

2. PAYMENT: presumption from lapse of time.

this ground.   It is true, the note was payable on the 1st day of January, 1872, and suit was not brought thereon until September, 1886.   But payments were made thereon.   The last payment indorsed was dated March 29, 1879.   Appellant complains because the court stated in its conclusions of law that there was no presumption of the payment of the note by reason of the lapse of time since its maturity.   The court did not find that the lapse of time was not a fact proper to be taken into consideration with the other facts in the case in determining the question of payment; and, in view of the fact that there was evidence tending to show that defendants failed in business in Illinois, and compromised with their creditors, the lapse of time was not entitled to much consideration in the case.

IV.   The defendants filed a motion in the court below to require the plaintiff to give security for costs, because he was a non-resident of the state.   The motion was overruled, and complaint is made of this ruling.   No prejudice has resulted to defendants by this ruling.   All of the costs were awarded against them, and an affirmance in this court requires them to pay all legal costs.

3. APPEAL: practice: error without prejudice.

AFFIRMED.