## GOTFRIED HARD v. HANNAH HARD.

· FILED MAY 5, 1897.   No. 7275.

1. **Divorce:** ·DECREE PROCURED BY FRAUD: PETITION TO VACATE. Petition examined, and *held* to state a cause of action for the vacation of a decree of divorce on account of fraud practiced by the successful party.

2. **Costs:** SECURITY: REVIEW. The refusal of the district court to require a non-resident plaintiff to give security for costs affords no grounds for reversal, on petition in error to this court, where, on a final trial or hearing, the costs of the action are rightly taxed to the defendant.

ERROR from the district court of Richardson county. Tried below before BABCOCK, J.   *Affirmed.*

*E. W. Thomas,* for plaintiff in error.

*A. R. Keim, contra.*

POST, C. J.

The defendant in error, Hannah Hard, exhibited to the district court for Richardson county her petition in which she alleged that she was married to the defendant therein, Gotfried Hard, in the year 1862, and that the parties named lived and cohabited together until the year 1885, at which time a separation took place in consequence of the defendant's cruel and inhuman treatment; that in the year last mentioned the defendant commenced an action in said court in which he prayed for a decree of divorce from the plaintiff and which, on the 19th day of March, 1886, resulted in a decree in accordance with the prayer of his petition; that there was no personal service of process upon the plaintiff, as defendant in said action, nor was she in any manner personally notified of such proceeding; that the only pretense of service therein was the publication of a notice, which for reasons specifically stated, was wholly insufficient to confer jurisdiction

Hard v. Hard.

upon the court. It is further charged that the testimony given in support of the cause of action therein alleged was false and perjured, and that the defendant was thereby guilty of a fraud and imposition upon the court, etc. The prayer was that the aforesaid decree might be adjudged null and void and for a decree of divorce in the plaintiff's favor on account of a cause of action therein alleged. The defendant filed a motion for security for costs, accompanied by a showing that the plaintiff was a non-resident of the state, and a general demurrer to the petition, which were in turn overruled, and to which rulings exceptions were in due form noted. The cause subsequently coming on for hearing upon its merits, there was a finding for the plaintiff substantially in accordance with the allegations of her petition, a final order setting aside the former decree and continuing the cause for hearing upon the plaintiff's petition for divorce, and for the payment of alimony *pendente lite*, from which the defendant Gotfried Hard prosecutes error to this court.

The first assignment of the petition in error which calls for notice is that the petition below fails to state a cause of action, since, as claimed, the allegation of fraud is in general terms only without the statement of any facts whatever. We do not, however, so construe the petition. It appears therefrom that the matters alleged in the defendant's action for a divorce were wholly false; that the evidence adduced to sustain the allegations of the petition, viz., the willful desertion by the plaintiff as the defendant therein, was false and perjured; that the plaintiff was not, as charged, guilty of desertion, but had been driven from her home by means of the inhuman treatment, specifically alleged, of the defendant. Such a pleading is sufficient when assailed by a general demurrer. The proceeding was not, as counsel assume, one for the opening of the decree under the provisions of the Code, but was, tested by the allegations of the petition, an original action. (*Smithson v. Smithson*, 37 Neb., 535.)

It is claimed that the defendant was not permitted to

introduce his evidence in the district court; but in the absence of a bill of exceptions showing that competent evidence was offered and rejected, that criticism is obviously without merit.

Lastly, it is argued that the district court erred in refusing to require the plaintiff to give security for costs. It is, we think, clear that the plaintiff was a non-resident of this state, and that the motion of the defendant should have been sustained. But inasmuch as the latter is by the final decree required to pay all costs of the case, the ruling assigned is error without prejudice. (*Walker v. Russell*, 73 Ia., 340.)

DECREE AFFIRMED.