## REEVES v. REEVES.

A court of equity has inherent power to vacate its own judgment when procured through extrinsic fraud.

Where, in proceedings for divorce, defendant appeared by attorney, filed an answer, and entered into a stipulation with reference to the trial of the case, and complainant's testimony was amply sufficient to sustain the court's findings that she was a bona fide resident of the state animus manendi, a decree of divorce rendered in her favor was not subject to subsequent vacation on motion supported by affidavits denying the bona fides of plaintiff's residence because she immediately left the state after obtaining her divorce, went to Philadelphia, and married another man, and continued to reside there, and indicating that her testimony as to her residence in South Dakota was perjured.

(Opinion filed, Dec. 15, 1909.)

Appeal from Circuit Court, Lincoln County. Hon. JOSEPH W. JONES, Judge.

Action by Elizabeth B. Reeves against Harry L. Reeves. Decree for complainant and from an order denying defendant's motion to vacate the same, he appeals. Affirmed.

*Joseph Mitchell Donovan,* for appellant. *P. J. Rogde,* for respondent.

SMITH, J. Elizabeth B. Reeves, the plaintiff and respondent, brought an action in the circuit court of Lincoln county, against Harry L. Reeves, defendant and appellant, alleging in her complaint, that she and the defendant were husband and

wife; that the plaintiff at the beginning of this action, and for more than six months immediately prior thereto, was and had been in good faith a bona fide resident of the state of South Dakota; that Janette Reeves, a daughter nine years of age is the only issue of the marriage; that plaintiff and defendant have not lived or cohabited together since January 1, 1905, and, particularly during 1905, the defendant has treated the plaintiff in an extremely cruel and inhuman manner. The complaint also negatives any connivance or collusion on the part of plaintiff and defendant, and prays for an absolute divorce. The defendant, Harry L. Reeves, appearing by his counsel thereunto duly authorized, filed an answer in said action, denying all the allegations of the complaint except the marriage, and birth and age of the minor daughter, which are admitted. Thereafter the parties plaintiff and defendant, through their counsel, entered into a written stipulation, under which the issues in said cause were duly tried before the Honorable Joseph W. Jones, presiding judge of that circuit, on the 6th day of August, 1906, the defendant appearing by his duly authorized attorney, and thereafter findings of fact, conclusions of law, and a decree of absolute divorce were duly rendered and entered in favor of the plaintiff and against defendant, on the 6th day of August, 1906. Notice of filing and entry of said findings, decree and judgment, was duly served on defendant's attorney on the 7th day of August, 1906. On the 20th day of July, 1907, the defendant, through his attorney, served a notice of intention to move for a new trial, specifying as grounds therefor: First, insufficiency of the evidence to sustain the finding, conclusion and decree; second, insufficiency of the evidence to justify the finding that plaintiff's bona fide residence and domicile were in the state of South Dakota. Said notice of intention specified that the motion for a new trial would be based upon the minutes of the court. For some reason not disclosed by the record the motion for a new trial appears never to have been passed upon by the trial court. On the same day—the 20th of July, 1907—the defendant also served upon plaintiff's counsel a motion to set aside, annul, and vacate the findings and decree on the grounds (1) that said

judgment was obtained by fraud and deceit, and (2) that the court did not have jurisdiction of said cause and of the parties, or jurisdiction to pronounce said judgment or decree, because neither party to said cause had a domicile in South Dakota or was a bona fide resident of the state of South Dakota. Said notice of motion was based upon certain affidavits served therewith, and upon the pleadings, files, record, and stenographer's report of the testimony. Upon the return day of the motion, and before the hearing thereof, plaintiff filed written objections thereto, to the effect that the court was without jurisdiction, under the provisions of the statutes or any rule of the law, to consider such motion. Thereafter, and on the 21st day of November, 1907, the court entered an order overruling and denying appellant's motion, which order contained the recital, "This ruling is not made upon consideration of its merits, but solely upon the ground that the defendant, having appeared in this action, answered, and participated in the trial, had full, ample remedy for the matters now complained of by motion for a new trial, and he cannot lawfully maintain the present motion." To the making and entering of this order, appellant duly excepted, and has brought this exception to this court for review. It appears from this record that the trial court did not pass upon the questions of fact thus presented, but held that the findings and judgment of the court could not be attacked in the manner proposed by this motion. The precise views of the trial court upon the question presented by the motion are not clearly disclosed by the recitals in this order, but it may be fairly assumed that what the court meant was merely, that on the whole record, as then presented by appellant, he could not raise such questions by this motion. Assuming that this was the view entertained by that court, it becomes necessary to very briefly examine the motion itself, and the showing presented by appellant's accompanying affidavits and record, for the purpose of determining whether the motion and showing are such as would warrant the relief demanded under it, and to ascertain the precise character of the attack upon the findings and judgment.

Briefly stated, appellant's contention was that the facts he

presented show conclusively that the court which enered the judgment was absolutely without jurisdiction, because neither party was ever domiciled within the state of South Dakota, and the findings and decree were not valid and binding upon either plaintiff or defendant. The evidence presented to the court upon the trial, bearing on the question of plaintiff's residence and domicile within the state, is set out in full, and upon its face is entirely sufficient to sustain the findings and conclusions of the court on the subject of residence or domicile. Pollock v. Pollock, 9 S. D. 52, 68 N. W. 176. The contention of appellant appears to be that by certain facts stated in these affidavits, which occurred after the trial, it was made conclusively to appear that the evidence of the plaintiff as to her residence and domicile, given before the trial court, was false and perjured, and therefore the court was without jurisdiction because of the lack of domicile thus disclosed. Very briefly stated: The facts shown by the affidavits are to the effect that, within a day or two after the entry of this judgment and decree, respondent disappeared from the state of South Dakota, and on the 10th day of August, 1906, registered as a guest at a hotel in the city of Philadelphia, Pa., and on the 11th day of August, 1906, was married to one Walls, a resident of that city, and since said time, respondent, with her husband, has been a resident of the city of Philadelphia. Upon this showing, the trial court was asked to hold that the judgment and decree of the court were absolutely null and void for want of jurisdiction, and that the same should be vacated and set aside. The argument of appellant's counsel is that the facts disclosed by the affidavits referred to show conclusively that, at the time of the trial and prior thereto, there was an entire absence of animus manendi on the part of the plaintiff, and for that reason the court was without jurisdiction. It is a sufficient answer to this contention of appellant that the question of domicile, which was before the trial court for determination as a question of fact, involved necessarily, a consideration by that court of the animus manendi as an element of domicile. The motion was merely an attempt to prove to the trial court by affidavits that the testimony of

the plaintiff upon the subject of her residence and domicile within the state prior to the granting of the decree was false and fraudulent. In this examination of appellant's motion, we have not gone into respondent's showing by affidavits, as to her residence, controverting the appellant's affidavits. We have considered only appellant's showing, and are not called upon to decide anything as to controverted facts. The real question presented is whether the finding of fact by this court on the matter of domicile can be attacked by appellant by affidavits on motion, tending to show that the evidence upon which such finding is based is false and perjured. The late Territorial Supreme Court, in the case of Beach v. Beach, 6 Dak. 371, 43 N. W. 702, held that a decree of divorce might be vacated on motion where the affidavit for the order for service of the summons by publication was insufficient to give the court jurisdiction; and also held that in such case no affidavit of merits was necessary, the relief sought not being from a default, but because the court was wholly without jurisdiction from the beginning. Among the cases there cited is one—Bulkley v. Bulkley, 6 Abb. Prac. (N. Y.) 308—which fully sustains the rule laid down, and may also aptly serve to illustrate the distinction between this line of decisions and the case at bar. In that case there was an attempted personal service of the summons upon the wife by placing it in a sealed package given the wife as she was boarding a steamship at the city of New York, for a voyage to California. She was told that the package contained a present for her mother and a note for herself. On opening the package during the voyage the wife discovered the summons, but was unable to return to New York to defend the action, and a judgment by default was entered against her by the husband. On motion the court held that such attempted service was void, and the decree was vacated. In such case the court might very properly on the hearing of the motion try issues of fact on affidavits, as to the manner of service. But issues thus presented are not issues arising in the action. That an allegation of domicile is a material, and therefore an issuable fact seems to be well established. Nelson on Divorce, vol. 2, § 731. "In nearly all

of the states, the plaintiff.or one of the parties is required to reside a given time within the state before the commencement of the action. This domicile within the state is therefore a fact giving the court the jurisdiction to hear and determine the cause. Where the petition does not state that the plaintiff has resided in the state for the time required by the statute, the action should be dismissed for want of jurisdiction. Such allegation is as necessary as the allegation of citizenship of another state which gives the federal courts jurisdiction. It is a condition precedent to obtaining the relief demanded, and is as necessary as the allegation of marriage. It has been held that without such allegation the decree is void, having been coram non judice."

We fully concur with appellant's counsel that a court of equity has inherent power to vacate its own judgments when the same are procured through extrinsic fraud. But Mr. Bishop, in his work on Marriage and Divorce, in discussing this question, says: "A verdict rendered on insufficient or perjured evidence, or on an erroneous direction from the court, is not fraudulent within the present doctrine. The adequate fraud is not quite definable, but it is some grave and serious scheming whereby the court is misled to the perversion of justice." And it is held by many courts that, even in equity, a suit to vacate a judgment upon such grounds cannot be maintained, even in the absence of other statutory methods of review. Greene v. Greene, 2 Gray 361, 61 Am. Dec. 454. But, see, Hard v. Hard, 51 Neb. 412, 70 N. W. 1122; Lawrence v. Nelson, 113 Iowa 277, 85 N. W. 84, 57 L. R. A. 583.

In Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095, an application upon motion to vacate a decree of divorce upon the ground that there had been no valid service of the summons, and also upon the ground that the evidence upon which the decree was obtained was false and perjured, the application was granted (citing Beach v. Beach, supra) upon the former ground, the court saying: "When we apply these principles to the case before us, there is not the least doubt that the action of the court in setting aside the decree was entirely correct; and in so de-

claring we do not intend to hold that the fact that the trial court found the appellant to be a resident of this state upon insufficient or false testimony would constitute legal fraud. Nor do we hold that the fact, if such it be, that the original decree was based entirely upon false or perjured evidence could be urged as a ground for annulling that decree. If the truth or falsity of the testimony upon which a judgment is based could be opened to subsequent inquiry, there would be no end of litigation."

In Pico v. Cohn, 91 Cal. 129, 25 Pac. 970, 27 Pac. 537, 13 L. R. A. 336, the court points out the character of the fraud which may render a judgment void or voidable, and says: "That a former judgment or decree may be set aside and annulled for some frauds, there can be no question; but it must be a fraud extrinsic or collateral to the question examined and determined in the action. And we think it is settled beyond controversy that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony. The reason of this rule is that there must be an end of litigation; and when parties have once submitted a matter or have had the opportunity of submitting it, for investigation and determination, and when they have exhausted every means for reviewing such determination in the same proceeding, it must be regarded as final and conclusive, unless it can be shown that the jurisdiction of the court has been imposed upon, or that the prevailing party, by some extrinsic or collateral fraud, has prevented a fair submission of the controversy. What, then, is an extrinsic or colateral fraud, within the meaning of this rule? Among the instances given in the books are such as these: Keeping the unsuccessful party away from the court by a false promise, or purposely keeping him in ignorance of the suit; or where an attorney fraudulently pretends to represent a party, and connives at his defeat, or, being regularly employed, corruptly sells out his client's interest. United States v. Throckmorton, 98 U. S. 65, 66, 25 L. Ed. 95, and authorities cited. In all such cases the unsuccessful party is really prevented, by the fraudulent contrivance of his adversary, from having a trial; but when he

has a trial he must be prepared to meet and expose perjury then and there. He knows that a false claim or defense can be supported in no other way; that the very object of the trial is, if possible, to ascertain the truth from the conflict of the evidence, and that, necessarily, the truth or falsity of the testimony must be determined in deciding the issue. The trial is his opportunity for making the truth appear. If, unfortunately, he fails, being overborne by perjured testimony, and if he likewise fails to show the injustice that has been done him on motion for a new trial, and the judgment is affirmed on appeal, he is without remedy. The wrong, in such a case is, of course, a most grievous one; and no doubt the Legislature and the courts would be glad to redress it if a rule could be devised that would remedy the evil without producing mischiefs far worse than the evil to be remedied. Endless litigation, in which nothing was ever finally determined, would be worse than occasional miscarriages of justice; and so the rule is that a final judgment cannot be annulled merely because it can be shown to have been based on perjured testimony; for, if this could be done once, it could be done again and again ad infinitum." The views thus expressed were adopted by the Supreme Court of Iowa in a late and well-considered case. Graves v. Graves, 132 Iowa, 199, 109 N. W. 707, also reported in 10 L. R. A. (N. S.) 216, with an extended note discussing the decisions of the various courts. Most of the cases there cited were actions in equity to vacate decrees. In no cases examined, or which we can find, has a decree been vacated on motion and affidavits alleging that the evidence, upon which the same was based, was false or perjured.

The order denying appellant's motion is affirmed.