EGGE et al, Respondents v. HAGLUND, Appellant.

(179 N. W. 491.)

(File No. 4703. Opinion filed October 18, 1920. Rehearing denied January 7, 1921.)

1. **Parent and Child—Custody of Child, Failure to Deliver to Father Pursuant to Habeas Corpus Judgment, Child's Alleged Fear of Father as Basis—Demurrible Complaint for Injunction Against Father.**

A complaint for an injunction against a child's father, alleging that notwithstanding a judgment of the circuit court in a habeas corpus proceeding, rendered pursuant to a supreme court judgment reversing an appeal, etc., and requiring defendants (present plaintiffs) to deliver the child to plaintiff in habeas corpus (present defendant;) that the child had developed an unusual fear of her father, became exceedingly nervous lest defendant should prevail in habeas corpus and should remove her from former plaintiffs by force and against her will, which present defendant had threatened to do if necessary, that the child had had many nervous fits caused by such fear; that present plaintiffs informed him the child was in their possession and that he had permission to take her, but that she refused the father's persuasion, that he then undertook to remove her by force but was unable to so do, she fighting him, etc., that it would be dangerous to the child and permanently injurious to her health to remove her, and that unless the habeas corpus judgment be vacated and present defendant en-

joined from taking her, he will do so—is demurrible as not stating a cause of action.

2.  **Same—Action in Injunction as Equitable Bill of Review—Extrinsic Fraud, Mistake or Subsequent Facts as Basis—Such Bill Inapplicable Here, For Non-compliance With Judgment.**

While under some circumstances an action in equity in nature of a bill of review is maintainable in this state to set aside a former final judgment, yet such action must be based upon allegations showing extrinsic fraud, mistake or other facts occurring after judgment entry, and which in equity and good conscience would indicate it would be clearly wrong and injurious to enforce any part of the judgment; and held, that no such facts were alleged in this complaint; the only contention being that physical condition of child has changed since habeas corpus judgment entered, which changed condition is not chargeable to the father's act, and the child's condition, if in reality existing, being chargeable to plaintiffs, and complaint fails to show that present plaintiffs ever attempted to comply with said judgment; and the alleged fact that the father could not take a small child of some six years from plaintiff's home shows that something other than the child itself prevented the taking.

3.  **Same—Custodian's Duty to Inculcate in Child Filial Love, And Bow to Court Judgments.**

It became the duty of plaintiffs as custodians of the child, from when it possessed understanding, to cultivate in her mind and heart proper filial love for her father, concededly worthy thereof, and likewise as citizens to bow to final judgment of our courts, however unjust they may seem to them; not to do so is anarchy.

4.  **Same—Proper Complaint for Injunction Against Delivery of Child to Father, Necessary Allegations.**

To enable plaintiffs to plead facts sufficient to entitle them to the injunction sought, they should have alleged full performance of every duty resting on them, showing them not in default and that, in spite of full performance of such duty, a condition had arisen making it an equity court's duty to stay execution of habeas corpus judgment; and had plaintiffs performed their full duty, the child's feelings towards her father would never have undergone the alleged change.

Smith and Gates, JJ., not sitting.

Appeal from Circuit Court, Minnehaha County. Hon. Louis L. Fleeger, Judge.

Action by Carrie Egge and others, against L. John Haglund, for an injunction against defendant restraining him from taking

by force his child from the custody of plaintiffs. From a judgment for plaintiffs defendant appeals. Reversed, and remanded for further proceedings.

*Parliman & Parliman,* for Appellant.

*Caldwell & Caldwell,* for Respondents.

(2) To point two, Appellant cited: High on Injunction, 4th Ed. Secs. 112-14; 15 R. C. L. Sec. 179.

Respondent cited: 16 Cyc. 532 Smith v. Rucker, 129 S. W. 1079, 30 L. R. A. (N. S.) 1030 and case note; Jones v. Hopkins, 29 S. D., 615 137 N. W. 280; 54 Am. St. Rep., 219; 15 R. C. L. p. 725; Beach v. Beach, 6 Dak. 371; 43 N. W. 701.

McCOY, P. J. This is an appeal from an order overruling a demurrer to a complaint, In substance the complaint alleged that Luella Haglund is a female child 6 years and 8 months of age, and the daughter of defendant; that the mother died when Luella was 13 days old; that since the death of the mother said child has at all times been in the home and under the care and control of plaintiffs, who have furnished her with a good and proper home, and that she has become attached to respondents, as would a natural child; that defendant is, and has been the last six years, a resident of Montana, and is but little acquainted with his said child; and that said child has little acquaintance with, and no affection for him, but rather had a great dislike for and is in constant fear of him; that in March, 1918, defendant herein as a plaintiff instituted in the circuit court habeas corpus to recover from these plaintiffs as defendants the custody, care, and control of said child; that said habeas corpus action was duly tried in the circuit court and resulted in finding in favor of plaintiffs; that defendant duly appealed from said judgment to the Supreme Court, and in March, 1919, the Supreme Court reversed said judgment of the circuit court, and duly ordered and directed the said circuit court to enter judgment, awarding the custody, care, and control of said child to defendant; that thereafter, pursuant to said judgment of the Supreme Court, the circuit court, in July, 1919, entered judgment which, among other things, ordered and decreed that the plaintiff (this defendant) recover from the defendants (these plaintiffs) the custody, care, and control of said child, and that the defendants in that action forthwith produce and deliver said child to the plaintiff in that action; that at

the time of the habeas corpus trial and prior thereto the feelings of said child were not unfriendly to her father, and she then had no fear or ill will towards him, but thereafter said child began to develop unusual fear of her father, and became exceedingly nervous and fearful lest defendant should prevail in his appeal in said habeas corpus action, and would remove her from the custody of plaintiffs by force and against her will; that defendant has threatened at various time to remove said child by force if necessary, and that on account of said threats said child has grown more nervous and worried, and has been thrown into nervous fits, and been in danger of permanent mental collapse; that during the past year, on account of said conduct and threats of defendant, said child has had some 50 of said nervous fits, lasting for about one-half hour; that in December, 1919, said defendant went to the home of plaintiffs and demanded the possession and custody of said child; that plaintiffs informed him the child was there, and that he had permission to take her from their home; that defendant then undertook to persuade said child to go with him, but she refused to go; that defendant then undertook to remove said child by force, but was unable to do so; that said child thereupon became greatly frightened, and screamed and fought defendant, and frantically called for help, and practically lost consciousness; that it would be dangerous to said child, and permanently injurious to her health, to remove her, or permit her to be removed, from the home of these plaintiffs, and that from the foregoing facts the welfare of said child requires that she remain with plaintiffs; that unless said judgment in habeas corpus is vacated and set aside, and unless said defendant is enjoined from so doing, defendant will take possession of said child and carry her away from the home of these plaintiffs, to the permanent injury of said child. To this complaint defendant interposed a demurrer on the ground that the same does not state facts sufficient to constitute a cause of action against defendant.

[1, 2] We are of the opinion that the demurrer should have been sustained. Respondent claims the right to maintain this action as a bill of review in equity. There can be no doubt but what under some circumstances an action in equity in the nature of a bill of review may be maintained in this state for the pur-

pose of setting aside a former final judgment. This procedure has been recognized in numerous decisions of this court. Paul v. Paul, 41 S. D. 383, 170 N. W. 658; Reeves v. Reeves, 24 S. D. 435, 123 N. W. 869, 25 L. R. A. (N. S.) 574; Whitney v. Hazzard, 18 S. D. 490, 101 N. W. 346; Jones v. Hopkins, 29 S. D. 615, 137 N. W. 280. But an action of this character must be based upon allegations showing extrinsic fraud, or mistake or other fact occurring after the entry of said judgment, which, in equity and good conscience, would indicate that it would be clearly wrong and unjust to enforce any part of said judgment. We are of the opinion that no such facts are alleged in the complaint in this case. The only contention is that the physical condition of the child has changed since the rendition of the final judgment in the habeas corpus case. It is absolutely clear that such changed condition has not been caused by any wrongful act of appellant. During all the times, material to this question, the child has been in the sole custody and control of respondents, who, if any one, should be held responsible for such condition of the child, if such condition in reality exists. The final judgment in the habeas corpus case provided that the respondent in this case forthwith produce and deliver said child to the appellant herein. The complaint in question does not show that respondents ever have complied or even attempted to comply with the said judgment, but, on the contrary, shows that they have not done so. If respondents had complied with said judgment, there would have been no occasion for appellant to have endeavored to procure by other means what the said judgment required respondents to do. The respondents by their own showing, are not in court with clean hands. The actions of respondents, as shown by the complaint, clearly demonstrate that no mistake was made by this court in the former case in awarding the custody and control of said child to appellant. Some of the allegations of this complaint are extremely significant. It is alleged that respondents informed appellant, the father of the child, that she was at their home, and that he had permission to take her; that he undertook to persuade her to go with him, but she refused to go; that he then undertook to take her by force, and was unable to do so. The fact that a grown-up man, pre-

sumed to be possessed of ordinary strength, could not take a small child of the age of 5 or 6 years, from the home of respondents, shows that something other than the child itself prevented such taking.

[3] From the day when this child became possessed of understanding, it became and ever since has been the bounden duty of respondents—both from a moral and legal standpoint—to inculate and cultivate in her mind and heart a proper filial love for her father, a man concededly worthy of such love. As citizens of this commonwealth it was the duty of respondents—as it is of every citizen—to bow to the final judgments of her courts, no matter how unjust such judgment may seem to them; not to do so is anarchy. It, therefore, upon the judgment of this court in the habeas corpus case, became the duty of respondents to recognize the finality of such judgment, and immediately surrender the possession of said child, or, if they retained possession, to strive to prepare the mind of such child for the change which it had been adjudged must come.

[4] In order for respondents to plead facts sufficient to entitle them to the relief they now seek, it was incumbent upon them to allege the full performance of every duty resting upon them, so as to show that they were not in fault, and that, in spite of a full performance of everything that the law and good morals imposed on them, a condition had arisen making it the duty of a court of equity to stay the carrying out of the judgment in the habeas corpus case. We are not surprised at the absence of such allegations, because it is inconceivable that, with respondents performing in full the duty above noted, the feelings of this child toward her father would have ever undergone the change alleged by respondents, and either the mental or physical health of the child be impaired by dread of the impending change or by the change itself.

We are of the view that respondents should immediately comply with the judgment in the habeas corpus case. The demurrer to the complaint should have been sustained.

The order appealed from is reversed, and the cause remanded for further procedure consistent with this opinion.

SMITH and GATES, JJ., not sitting.