PAYTON, et al, Appellants, v. ROGERS, et al, Respondents

(285 N. W. 873.)

(File No. 8239.   Opinion filed May 24, 1939.)

*Williams & Sweet,* of Rapid City, for Appellants.

*Whiting & Wilson,* of Rapid City, for Respondents.

ROBERTS, J. This action was commenced in August, 1937, seeking a strict foreclosure of a contract for the sale of real property. The action was brought to trial on March 12, 1938, at which time it was agreed in open court between the attorneys for the plaintiff and the attorneys then representing the defendants that the cause be submitted to the court upon an agreed statement of facts to be prepared by counsel. Facts contained in the stipulation submitted to the court and necessary to an understanding of the case are as follows: "It is hereby agreed by and between the parties hereto, by their respective undersigned attorneys, that the following is a statement of the facts pertaining to the issues involved in the above entitled action, and that the same shall be presented to the Court for decision and judgment thereon without the necessity of making any Findings of Fact or Conclusions of Law herein, towit: * * * That on the 23rd day of April, 1931, the Federal Land Bank of Omaha, Nebraska, held a valid existing mortgage upon the above described real property and other property owned by the plaintiffs and used in connection therewith, amounting at said time to the sum of Fifty-one Hundred Dollars ($5,100.00), dated March 20th, 1923, and recorded in the office of the Register of Deeds of Pennington County, South Dakota, in Book 54 of Mortgages, at page 419, upon which mortgage there is now due and unpaid the principal sum of Four Thousand, One Hundred Forty-nine and 98/100 Dollars ($4,149.98), besides interest thereon at the rate of three and one-half per cent per annum from the 1st day of April, 1937, principal and interest amounting at this time to the sum of Forty-two Hundred Eighty-eight and 67/100 Dollars ($4,288.67)."

On March 25, 1938, the court upon this stipulation entered a

judgment reciting that if defendants did not make payment in full of taxes which had accrued against the land described in the contract and the principal sum of $4,149.98 and accrued interest due upon the federal land mortgage on or before the 1st day of July, 1938, all rights of the defendants under the contract would be thereupon forever barred and foreclosed.

On June 25, 1938, defendants filed their motion to be relieved from the stipulation and to vacate the judgment. Plaintiffs were required to show cause why the relief prayed for in the motion should not be granted. The affidavit of defendant Louise G. Rogers submitted in support of the motion tends to prove that the defendants were not present at the trial, that the stipulation was entered into without the knowledge or consent of the defendants and that the attorneys then representing them were mistaken as to certain facts. The affidavit contains the following recital: "That said stipulation contained the statement that there was then due and unpaid on the mortgage to the Federal Land Bank, the principal sum of $4,149.98 besides interest thereon since April 1, 1937, at the rate of 3½% per annum or the total sum of $4,288.67, whereas the fact is that the loan secured by said mortgage is an amortized loan; that said loan was made on March 20, 1923, and is payable in equal semi-annual installments over a period of 34½ years; that on the date of the institution of this action no installment of either principal or interest on said mortgage was passed due and unpaid, and that on the date of the signing of said stipulation only one principal installment in the amount of $51.63 which had become due was unpaid, and that the entire principal of said mortgage would not be due for 19½ years from said date; that said principal installment was due on October 1, 1937, but the mortgagee, the Federal Land Bank, had agreed to defer the payment of said installment upon the payment of the interest payment of $72.62 which was also due on October 1, 1937; that on the date of the signing of said stipulation only one interest payment was past due, that of October 1, 1937, in the amount of $72.62 and that the mortgagee, the Federal Land Bank, on the date of the signing of said stipulation had not declared the entire amount of said mortgage due and was not threatening so to do."

Thereafter and on August 13, 1938, the court below made and entered an order vacating and setting aside the judgment and di-

recting that the action be tried before the court without a jury on August 29, 1938. From this order, plaintiffs have appealed.

It is well settled that courts may, in the exercise of a sound judicial discretion and in furtherance of justice, relieve parties from stipulation entered into in the course of judicial proceedings, and on appeal such determination by trial courts will not be interfered with unless there is a clear showing of an abuse of discretion. Randall v. Burk Township, 11 S. D. 40, 75 N. W. 276; Meldrum v. Kenefick, 15 S. D. 370, 89 N. W. 863; Davis v. Davis, 29 S. D. 420, 137 N. W. 283; State ex rel. Conroy v. Plucker, 56 S. D. 573, 229 N. W. 934; 25 R. C. L. 1099; note, Ann. Cas. 1912C, 769. There can, we think, be no doubt of the right and power of a trial court, upon a proper application, to relieve a party from the effects of a stipulation which admits as a fact that which is not true and is of such a material character as to change the rights of the parties.

Defendants under the terms of the contract agreed to "pay off on behalf of the seller the indebtedness represented by the mortgage to the Federal Land Bank of Omaha, * * * at the date that the same shall become due." The judgment entered in this case fixed the time as required by Section 2914, Rev. Code 1919, for compliance with the contract and determined the amount due under the mortgage to be $4,288.67. It is the policy of the statute referred to that purchasers shall be afforded an opportunity to redeem by complying with the terms of a contract for the sale of real property. If the affidavit in support of the motion is true, the only amount due under the terms of the mortgage at the time of the signing of the stipulation was interest in the amount of $72.62. The difference between the amount required under the judgment to redeem and the amount in fact due is substantial, and the rights of the defendants are materially affected.

Plaintiffs contend that a judgment can be vacated only in conformity with the provisions of Section 2378, Rev. Code 1919, providing that the court may "in its discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect." Relying on Sohn v. Flavin, 60 S. D. 305, 244 N. W. 349, plaintiffs contend that if a judgment is not taken by

default, but the parties are at the trial, or were represented there, relief cannot be granted on account of misake or excusable neglect under the provisions of this section. Defendants in the present case were represented at the trial by attorneys authorized to represent them and they unquestionably had authority to bind the defendants by the stipulation. Defendants did not seek relief on these grounds. Defendants applied to the trial court to have the stipulation and judgment set aside on the ground of mistake and the resulting misapprehension of the trial court as to the facts.

Counsel for plaintiffs admits that the mortgage as between the Federal Land Bank and these plaintiffs at the time of the commencement of this action was not due, but contends that as between the parties to this action the principal amount became due. With this interpretation of the contract we cannot agree, and it is manifest from the record that the trial court did not enter judgment upon this theory. We are clearly of the opinion that the stipulation was entered into inadvertently and under a mutual mistake of fact. Conceding that a trial court has not the power, after having made its decision when a case was regularly submitted, to set aside a judgment or order for a judicial error, it may, however, under its inherent power set aside an order or judgment inadvertently made. Purinton v. Purinton, 41 S. D. 125, 169 N. W. 236; Packard v. Banking & Trust Co., 43 S. D. 79, 177 N. W. 762; Boshart v. Nat. Ben. Ass'n, 65 S. D. 260, 273 N. W. 7. Section 2378 is not a limitation on the power of the court to set aside a judgment based upon stipulated facts when it appears there was a mutual mistake as to certain material facts. Purinton v. Purinton, supra. We are of the opinion, therefore, that the trial court did not err in setting aside the stipulation and judgment.

The order appealed from is affirmed.

POLLEY, RUDOLPH, and SMITH, JJ., concur.
WARREN, P. J., not sitting.