MOORE, et al., Respondents, v. THE CONNECTICUT GENERAL LIFE INSURANCE COMPANY, A Corporation. Appellant

(26 N. W.2d 691)

(File No. 8864. Opinion filed April 7,1947.)
Rehearing Denied June 7, 1947.

**Boyce, Warren & Fairbank** and **Hugh S. Gamble,** all of Sioux Falls, for Appellant.

**Louis H. Smith,** of Sioux Falls, for Respondents.

ROBERTS, J. John E. Moore died intestate in Moody county, January 18, 1918, leaving surviving his wife, Elizabeth Moore, and their minor children, Miles, John, Lyda and Lloyd. Letters of administration were issued to the widow April 18, 1918. This action was brought by the heirs and the administratrix to vacate and set aside a judgment in a certain foreclosure action commenced in Moody County by the Connecticut General Life Insurance Company on May 12, 1932, and to quiet title.

November 9, 1921, Elizabeth Moore, as administratrix of the estate of her deceased husband, executed a note for the sum of $16,500 secured by a mortgage upon realty of the estate. Default having occurred, the mortgagee instituted an action to recover upon the note and to foreclose its mortgage. The administratrix and the heirs were named as defendants in the action. In the judgment rendered in that action there are recitals of default by defendants Miles A. Moore and John E. Moore and of appearances by the other named defendants. The original answers were not filed in

the foreclosure action, but there was received in evidence copies of answers served upon the plaintiff. Defendants Lyda E. Moore and Lloyd A. Moore, by his guardian ad litem Miles A. Moore, alleged that they were minors at the time of the execution of the note and mortgage and did not have notice or knowledge of the entry of the order by the county court authorizing the mortgage; that the indebtedness owing by the estate was not in excess of $10,000; that the order of the county court insofar as it purported to authorize the mortgaging of the realty described in the complaint in excess of that amount was null and void; and that the proceeds of the loan were used to pay the personal indebtedness of Elizabeth Moore and not for the purpose of paying obligations of the estate. Defendant Elizabeth Moore, as administratrix and individually, in a separate answer alleged that the mortgaged premises constituted two separate and distinct tracts and should be sold separately and that the amount sued for exceeded the amount due on the note.

There appears in the record no order appointing a guardian ad litem for Lloyd A. Moore, but the register of actions indicates that a petition and an order appointing a guardian ad litem in the foreclosure action were filed in the clerk's office on June 11, 1932.

A judgment of foreclosure was entered, and the land ordered sold. No redemption having been made, a sheriff's deed was issued conveying the land to the plaintiff in that action.

June 11, 1934, complaint in the present action was filed. The relief sought is an adjudication that the county court was without authority and had no jurisdiction to make the order authorizing the mortgage in question and that such order being null and void the mortgage was unenforcible as to the interest of the heirs in the property. The Connecticut General Life Insurance Company filed its answer, denying generally the allegations of the complaint, affirmatively setting up in bar the judgment in the foreclosure action and by way of counterclaim pleading title in itself.

It appears from the record that on application of defendant the plaintiffs herein were ordered to show cause on April 23, 1945, why the action should not be brought on for trial or be dismissed. Plaintiffs then retained present counsel and filed a reply denying generally the allegations of the counterclaim. The cause was finally submitted on June 1, 1945. The court made findings of fact and conclusions of law and rendered judgment for the plaintiffs decreeing that the order of the county court authorizing the administratrix to execute the note and mortgage is null and void and that the action to foreclose is of no force or effect and quieting title in the plaintiffs. The facts found include the following: That the surviving heirs of decedent John E. Moore occupied as their homestead the northeast quarter of section eleven described in the complaint; that the administratrix filed on November 9, 1921, a petition to mortgage the three quarter sections of land in question; that at the time of the filing of such petition Elizabeth Moore and Miles A. Moore were indebted in the sum of $10,000 to the First National Bank of Egan; that the loan for $16,500 was negotiated by the cashier of the bank; that the attorney who represented the administratrix in the probate proceedings was president of the Egan bank; that the proceeds of the loan, with the exception of the payment of an existing mortgage of $5,000, were paid to the bank to reimburse it for amounts owing by Elizabeth Moore and Miles A. Moore; that the cashier of the bank falsely represented to the administratrix that it was necessary to apply for the loan for the purpose of paying the debts of the estate and obligations of the deceased; that she believed and relied on such representations; and that the purported loan was a scheme whereby the bank would receive payment of such personal obligations. The trial court further found that the county court in its order authorizing the mortgage did not find that it would be for the benefit and best interest of the estate to mortgage the realty in question; that the minors did not appear in the probate proceedings or in the foreclosure action either by a general guardian or a guardian ad litem

and did not waive any homestead right or other interest in the estate; and that all the facts concerning the authorization of the mortgage were well known to the Connecticut General Life Insurance Company.

 The judgment in the foreclosure action was in favor of the mortgagee and adverse to plaintiffs in the present case. Defendant contends that the court had jurisdiction to render the judgment and that after lapse of the statutory period for relief by motion therein or by appeal the court was then without authority to vacate, set aside or modify the judgment. The authority of courts to control their own judgments during the term at which they were rendered had its foundation in the common law. 31 Am. Jur. 268. Under the provisions of SDC 33.0108 (§2378, Rev. Code 1919) following the rule of the common law the court which renders a judgment has authority, in its discretion, for a definite period of time and upon specified grounds to open, vacate or modify its own judgment. A court has inherent power apart from any statutory authority to correct its records by vacating a void judgment; it binds no one and can be set aside by the court at any time. 34·C. J. 217. The oft-quoted case of People v. Greene, 74 Cal. 400, 16 P. 197, 199, 5 Am. St. Rep. 448, refers to such a judgment as "a dead limb upon the judicial tree." Similarly, a court has inherent power to correct its records so as to speak the truth and under this authority final judgments have been corrected because of clerical errors or set aside because inadvertently entered. Purinton v. Purinton, 41 S. D. 125, 169 N. W. 236; Boshart v. National Ben. Ass'n, Inc., 65 S. D. 260, 273 N. W. 7; Payton v. Rogers, 66 S. D. 486, 285 N. W. 873.

It appears from the record in the foreclosure action that the judgment is fair and valid on its face and could be avoided only by evidence dehors the record. Defendant argues that because plaintiffs asked that the defendant be required to account for rentals from the property and that title be quieted in them the action constitutes a collateral attack. It cannot be doubted that under proper circumstances an action will lie for equitable relief from a judgment when

other remedies are not available; such an action is a direct, not a collateral, attack on the judgment. Morse v. Pickler et al., 28 S. D. 612, 134 N. W. 809; Hays v. Alway, 39 S. D. 586, 166 N. W. 139; Egge v. Haglund, 43 S. D. 382, 179 N. W. 491; Cooper v. Burchett, 66 S. D. 162, 279 N. W. 598. Section 33.0108, supra, contemplates a motion in the cause. It does not, however, limit the power of a court to entertain a separate suit for relief. For the purpose of this appeal, we assume, without deciding, that this is primarily an action to set aside the judgment in the prior suit and constitutes a direct attack upon such decree and that the other relief sought is merely incidental and does not take the case out of the category of direct attacks.

 This jurisdiction in equity to relieve a defendant from a judgment is based upon the absence of a fair, adversary trial. Paul v. Paul, 41 S. D. 383, 170 N. W. 658; Reeves v. Reeves, 24 S. D. 435, 123 N. W. 869, 25 L. R. A., N. S., 574. An erroneous conclusion of the court in the original action, whether of law or fact, or an irregularity not involving the jurisdiction of the court is not ground for such relief. Freeman on Judgments (5th Ed.), § 1216; cf. Janssen v. Tusha, 68 S. D. 639, 5 N. W.2d 684. And it is not sufficient that unsuccessful defendants merely show that because of some newly discovered evidence that might be put in issue it is reasonably certain that they would prevail on a retrial. Wasem v. Ellens, 68 S. D. 524, 4 N. W.2d 850. The right to equitable relief is particularly applicable where a judgment was obtained because of fraud. Freeman on Judgments (5th Ed.), § 1231 et seq. The acts for which a court of equity will on account of fraud grant relief from a judgment have relation to extrinsic or collateral fraud, that is, fraud in the means wherein the judgment was procured and not fraud in the cause of action or matter put in issue and presented for adjudication. Reeves v. Reeves, supra; 88 A. L. R. 1202. In Pico v. Cohn, 91 Cal. 129, 25 P. 970, 971, 27 P. 537, 13 L. R. A. 336, 25 Am. St. Rep. 159, the court states that the reason for the rule is "that there must be an end of litigation; and when parties have once submitted a matter, or have had the opportunity of sub-

mitting it, for investigation and determination, and when they have exhausted every means for reviewing such determination in the same proceeding, it must be regarded as final and conclusive, unless it can be shown that the jurisdiction of the court has been imposed upon, or that the prevailing party, by some extrinsic or collateral fraud, has prevented a fair submission of the controversy." And in United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93, the court, referring to instances of extrinsic fraud, said: "Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practised on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side,—these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing. (Authorities cited.) In all these cases and many others which have been examined, relief has been granted on the ground that, by some fraud practiced directly upon the party seeking relief against the judgment or decree, that party has been prevented from presenting all of his case to the court." There is no claim that plaintiffs here were prevented by fraud from making a full and complete defense in the foreclosure action and the facts asserted do not constitute extrinsic fraud.

 Plaintiffs contend that the validity of the order authorizing the administratrix to mortgage the property of the estate was not adjudicated and could not have been questioned in the foreclosure action. A party is not entitled to be relieved from a judgment on grounds which would have been a defense in the original action; it is his duty to present defenses existing to such action, and failing to do so, he can not make them a ground for relief in the absence of a show-

ing of some appropriate equitable excuse. City of Fort Pierre v. Hall, 19 S. D. 663, 104 N. W. 470, 117 Am. St. Rep. 972; see also extensive note in 54 Am. St. Rep. 218, on the subject of relief in equity from judgments other than by appellate proceedings. In Johnson v. Bruflat, 45 S. D. 200, 186 N. W. 877, 878, an attack upon a judgment, based upon an invalid service, this court said: "It is a fundamental rule that a judgment or decree which the court has no jurisdiction to pronounce is void. It is, in legal effect, no judgment, and has no force either by way of evidence or estoppel, but leaves the parties litigant in the same position they were in before the trial. Unless jurisdiction exist, the judgment is not due process of law, and is ineffectual for any purpose. No rights are in any way affected by it, and from it no rights can be derived, and all proceedings founded thereon are invalid. A decision of a court not having jurisdiction, being thus ipso facto void, may be attacked in any proceeding, direct or collateral, in which a person seeks to assert a right under such pretended adjudication. It may be attacked at any time when it is sought to be enforced, or in any suit in which its validity is drawn in question." It follows that if the county court lacked jurisdiction to render the order authorizing the administratrix to mortgage the property of the estate it was subject to collateral attack in the foreclosure action and the lack of jurisdiction to render the order would have been a defense therein. On the other hand, if it be conceded that the county court had jurisdiction of the parties, the subject matter and the question which its order assumed to decide, such order, in the absence of fraud, was not subject to collateral attack in the foreclosure action because the order was at most erroneous and not void. Blackman v. Mulhall, 19 S. D. 534, 104 N. W. 250; Equitable Life Assurance Society v. Lunning, 64 S. D. 168, 265 N. W. 876; In re ReQua's Estate, 70 S. D. 470, 18 N. W.2d 791; Higgins v. Higgins, 71 S. D., 17, 20 N. W.2d 523. Whether the order be regarded as void for jurisdictional reasons or merely erroneous, it cannot now be attacked as was sought to be done in this case.

Lloyd Moore was at the time of the commencement of the foreclosure action under the age of 21 years. The other

children of decedent had attained their majority. The trial court found that the summons and complaint in the foreclosure action were personally served on the minor. The record presents no controversy as to the service of process. It is contended, however, that a judgment rendered against a minor, not represented by a guardian or guardian ad litem, is void. SDC 33.0405 provides that whenever an infant is a party he must appear either by his general guardian or guardian ad litem. If an infant named as defendant has reached the age of fourteen the court under the provisions of SDC 33.0406 makes the appointment of a guardian ad litem upon application of the infant if he applies within twenty days after service of summons; if he neglects to apply, the appointment is made upon application of a relative or friend, or of any other party to the action, or by the court on its own motion.

An infant may be brought before the court by the service of process, and, being in court the failure to appoint a guardian for him is not an error affecting jurisdiction. 43 C. J. S., Infants, § 108; Freeman on Judgments (5th Ed.), § 1207. A judgment rendered against an infant without the appointment of a guardian is at most voidable, but not void. Olsen v. Steele, 51 S. D. 505, 215 N. W. 531, and Fink v. Fink, 70 S. D. 366, 17 N. W.2d 717, upon which plaintiffs rely, are not a variance with such conclusion.

If there is the right in a minor, as in the case of other obligations, to disaffirm an adjudication of his rights in an action in which he is not duly represented (Field v. Hughes, 131 Cal. App. 144, 20 P.2d 990; King v. Wilson, 116 Cal. App. 191, 2 P.2d 833), the facts of the instant case would not justify relief. The register of actions and recitals in the foreclosure decree indicate that a guardian ad litem was appointed. Whether the evidence sustains the finding that no guardian was appointed is not important. It is said in Childs v. Lanterman, 103 Cal. 387, 37 P. 382, 383, 42 Am. St. Rep. 121: "Although it is provided in section 372, Code Civ. Proc., that, when an infant is a party, he must appear either by his general guardian or by a guardian ad litem appointed by the court, yet a judgment rendered against an

infant in which no guardian ad litem has been appointed is not for that reason void (citing cases); and a judgment rendered against him in an action in which he has appeared by an attorney will be upheld as fully as though he had appeared in person (Barber v. Graves, 18 Vt. 290; Marshall v. Fisher, 1 Jones [Law] (46 N. C.) 111; Townsend v. Cox, 45 Mo. 401)." The minor was represented by able counsel. The court proceeded in the belief as indicated by recitals in the foreclosure decree that a guardian ad litem had been appointed and there was participation by other parties having similar interests. Even though a guardian ad litem was not duly appointed, the substantial rights of the minor were not affected.

The judgment appealed from is reversed.

SICKEL., P.J., and SMITH, J., concur.

POLLEY and RUDOLPH, JJ., not sitting.