HAWKINS et al., Appellants v. KENNEDY, Respondent

(107 N.W.2d 340)

(File No. 9877. Opinion filed February 7, 1961)

**T. R. Johnson,** Sioux Falls, for Plaintiffs and Appellants.

**Christopherson & Bailin,** Sioux Fallls, for Defendant and Respondent.

SMITH, P.J. In a complaint of two counts based on promissory notes of $2,500 each, plaintiffs failed to include a direct allegation that defendant's promises to them were made without any intention of performing them but did allege in part as follows:

> "'That the defendant has been guilty of a fraud in contracting the aforesaid debt and incurring the obligation for which this action is brought. That at the time the defendant received said sum of money he and his wife were the record owners of residential property, viz., Lot 8, Block 1, Happy Hollow Second Addition to Sioux Falls in said Minnehaha County. That the said defendant represented to said plaintiffs that said property was

reasonably worth $25,000, except it was encumbered by a mortgage in favor of the Home Savings Association of Sioux Falls in the sum of $10,000. That the said defendant, as a further consideration and security for the aforesaid loan, alleged that he owned and/or controlled other real property in said city and would be selling said Lot 8 and such other property, and when such sales were consummated he would pay the plaintiffs' aforesaid loan. That he wilfully and intentionally represented to plaintiffs that in any event the proceeds derived from the sale of said lot 8 would be used to pay the aforesaid loan the plaintiffs made him. That the plaintiffs relying upon said representations of said defendant, and believing them to be true, and not knowing otherwise, or that they were false, loaned the said defendant said money."

and did pray

"4. That the judgment be based upon Chapter 37.25 of the South Dakota Code of 1939, and acts amendatory thereto, namely: That in contracting the aforesaid indebtedness the defendant was guilty of fraud, and this action is one for breach of an obligation based upon the defendant's deceit."

The defendant defaulted and a default judgment was entered on the 21st day of January 1960 which reads in part as follows:

"Ordered, adjudged and decreed that the defendant was guilty of a fraud in contracting the aforesaid debt and incurring the obligation upon which this action was brought; that said debt was incurred for property obtained under false pretenses."

Thereafter, pursuant to SDC 1960 Supp. 33.0108, defendant made a motion to have the judgment vacated or opened to permit an answer and a trial of the issue of fraud. The ground upon which the motion was made was the mis-

take of defendant. The order of the trial court which opened the judgment as prayed found in favor of defendant on the issue of mistake, and also found

> "that adequate proof to justify the finding that the Defendant was guilty of Fraud and the issuance, execution and filing of a judgment determining that the Defendant had committed fraud, was not presented at the time said judgment was taken, and the Court was not aware that he was determining an issue of Fraud by issuing said judgment."

Subsequently a trial of the issue of fraud was had, and the court found plaintiff had failed to prove defendant guilty of fraud. The issue of fraud was ordered dismissed and the money judgment stands.

The first contention of plaintiffs is that the showing of defendant in support of his motion to vacate or open the judgment was merely a mistake of law, as distinguished from a mistake of fact, and therefore the trial court abused its discretion in opening the judgment. For us to consider this contention would be of no avail to plaintiffs. It is settled that, apart from SDC 1960 Supp. 33.0108, a trial court is vested with inherent power to correct its judgments entered by inadvertence. Purinton v. Purinton, 41 S.D. 125, 169 N.W. 236; Boshart v. National Benefit Association, Inc., 65 S.D. 260, 173 N.W. 7; Payton v. Rogers, 66 S.D. 486, 285 N.W. 873; and Moore v. Connecticut General Life Ins. Co., 71 S. D. 512, 26 N.W.2d 691. The trial court has stated in its order that its adjudication of fraud was entered by inadvertence, and has exercised its power to correct its judgment. A basis for a holding on our part that it erred in so doing is not revealed by the record.

The remaining contention of plaintiffs is that the record does not support the court's finding that they failed to prove defendant guilty of fraud.

The plaintiffs attempted to state a cause of action in each count of their complaint under SDC 10.0307 reading in part as follows:

> "Actual fraud in relation to contracts consists in any of the following acts committed by a party to the contract, or with his connivance, with intent to deceive another party thereto or to induce him to enter into the contract: * * *

> "(4) A promise made without any intention of performing it".

Cf. Reitz v. Ampro Royalty Trust, 75 S.D. 167, 61 N.W.2d 201; and annotations 51 A.L.R. 46; 68 A.L.R. 635; 91 A.L.R. 1295; and 125 A.L.R. 879.

■ We digress to observe that at bar defendant pointed to the absence of a direct allegation of the making of the promise without a present intention of performing it and contended that the trial court's conclusion should be affirmed for that reason. It is too late to raise such point after an issue has been tried by consent. SDC 1960 Supp. 33.0914.

■ The evidence has received careful study. A complete statement of facts would serve no useful purpose. The parties were close friends and shared office space in conducting separate businesses. The promises of repayment from the proceeds of the sale of the described property were made and broken as alleged. The trial court had before it a letter of defendant written to plaintiffs wherein he explained at length the subsequent events and pressures which induced his action in favoring other creditors.

It was aptly said by the North Dakota court in Foster v. Dwire, 51 N.D. 581, 199 N.W. 1017, 1021, 51 A.L.R. 21, at page 28,

> "It is often difficult to prove the absence of an intent to perform such a promise. To establish that fact it is necessary to prove a state of mind. The intention not to perform 'may be inferred from the fact that, after performance by the pro-

misee, the promisor does not even make a pretense of carrying out his promise, or evades and refuses to perform it.' "

Whether plaintiffs' proof would have been sufficient to support a finding of fraud if the court had so viewed it, we need not decide. Our conclusion is that the clear weight of the evidence is not against the court's finding and therefore, we are not at liberty to disturb the ruling of the trial court.

The judgment of the trial court is affirmed.

All the Judges concur.