Sharon D. **UNZICKER**, Plaintiff and Respondent,

v.

James L. **UNZICKER**, Defendant and Appellant.

No. 12317.

Supreme Court of South Dakota.

Argued May 17, 1978.

Decided Sept. 21, 1978.

Richard A. Johnson of Willy, Pruitt, Matthews & Jorgensen, Sioux Falls, for plaintiff and respondent.

David R. Nelson, Sioux Falls, for defendant and appellant.

MORGAN, Justice.

This is an appeal from an order which amended a decree of divorce and directed the husband (appellant) to pay to the wife (respondent) the sum of $125.00 per month for each of two minor children of the parties, based upon the change of circumstances of the parties since the entry of the decree of divorce. Appellant alleges that the trial court erred in applying the changed circumstances rule for the modification of child support obligations from the date of the entry of the decree of divorce, rather than from the date of entry of an intervening modification order. We reverse and remand.

The divorce decree entered on November 1, 1974, dissolved the marriage of the parties, awarded custody of the four minor children to the appellant, made a property division, and required the appellant to pay respondent alimony in the sum of $200.00 per month for a period of thirty months. Subsequent to the above decree, both parties mutually desired a modification in the decree in respects not relevant here, which was approved by the court.

The first relevant proceeding was the issuance of a show cause order for change of custody of the two children to the respondent and award of child support. An order was signed by the trial judge, on November 10, 1976, wherein it was provided that the custody of the two children be given to the respondent as requested, and directed that the appellant pay to the respondent $15.00 per week per child for support. Although this order was not filed until July 1, 1977, both parties complied with it during that period.

On May 19, 1977, respondent again applied to the court for an order to show cause why the child support payments hereinbefore ordered by the court should not be raised. She set out that the alimony payments had terminated, that her own income was insufficient to support the children with the $15.00 per week previously allowed, and that the appellant was earning adequate income to pay more. The appellant contested on the grounds that the termination of alimony was insufficient to constitute a change of circumstances. At the hearing set for July 1, 1977, the trial judge noted that there was no November 10, 1976, order on file, and the original was discovered in the file of respondent's counsel. The trial judge directed that it be filed, and continued the matter to July 7, 1977, to give him time to consider the matter.

At the July 7th hearing, the trial judge, who in the meantime had consulted with both counsel for the parties in November,[1] noted in the record that he had no recollection of the hearing in November at which he could have received sufficient information to determine a change in circumstances, nor could the parties or counsel recall such hearing. He further noted: "But the change of circumstance rule presupposes that the prior order is an intelligent, informed decision. And I cannot say the November 10, 1976, order was such a decision." Thereupon the trial judge announced that he would ignore the November order and make his determination based on change since the decree. Appellant's counsel objected strenuously on two counts: first, that the November order, whether there had been a hearing or not, was res judicata, and second, that no notice of such consideration had been given, ergo no preparation on his part to meet the question of change of circumstances relating back to the decree. The trial judge took the matter under advisement and proceeded to examine all of the affidavits submitted for both show cause proceedings to determine whether there had been a change of circumstances since the entry of the divorce decree rather than since the entry of the Novem-

---

1. Present counsel on appeal were counsel for the respective parties at the July hearings, but were not involved in the November hearings or in the divorce hearing.

ber 10, 1976, order. He then entered an order based upon the change of circumstances of the parties since the entry of the decree of divorce, requiring the appellant to pay the sum of $125.00 per child.

This order of the court, entered on the 18th of July, 1977, made no reference whatever to the November order, nor any reference to any change of circumstances since the divorce decree relating to the custody of the children.

Appellant contends that the trial court erred in ignoring its November 10, 1976, order for two reasons. First, he contends that the order is res judicata. Second, he contends that the court is without authority to amend or set aside its order.

■ With respect to appellant's first contention, we agree, to the extent that the trial court failed to make an adequate determination in its July, 1977, order that its November, 1976, order was incorrect. This court has previously adopted the well-settled rule that a prior final judgment or order, whether correct or not, rendered by a competent court having jurisdiction of the parties and subject matter, is conclusive as to all rights, questions, or facts directly involved and actually, or by necessary implication, determined therein. *Raschke v. DeGraff*, 81 S.D. 291, 134 N.W.2d 294, 297 (1965).

■ With respect to the second contention, however, we disagree. This court has long subscribed to the principle that a trial court has the inherent power to correct *its own* judgments. This is based in the common law. As this court pointed out in *Moore v. Connecticut General Life Ins. Co.*, 71 S.D. 512, 517, 26 N.W.2d 691, 693 (1947):

> Under the provisions of SDC 33.0108[2] * * * following the rule of the common law the court which renders a judgment has authority, in its discretion, for a definite period of time and upon specified grounds to open, vacate or modify its own judgments. * * * Similarly, a court has inherent power to correct its records so as to speak the truth and under this authority final judgments have been corrected because of clerical errors or set aside because inadvertently entered. [Citations omitted.]

This court later affirmed this position in *Hawkins v. Kennedy*, 79 S.D. 33, 36, 107 N.W.2d 340, 341 (1961), where the trial court vacated a fraud judgment as inadvertently entered for lack of an evidentiary hearing on the issue of fraud. This court reiterated:

> It is settled that, apart from SDC 1960 Supp. 33.0108,[3] a trial court is vested with inherent power to correct its judgments entered by inadvertence. [Citations omitted.]

SDCL 15-6-60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) Mistake, inadvertence, surprise, or excusable neglect;

Before the 1948 amendment to Federal Rule 60(b)(1), relief was provided only if the moving party himself had made the blunder. No relief could be afforded for similar mistakes of the court.[4] The pre-1948 version of rule 60(b)(1) was similar in wording to our provision SDC 33.0108, but as we have noted our court has already expanded the authority of the court beyond the statutory provision for correcting the parties' errors to permit the court to correct its own.

We do hold, however, that this authority of the court to correct its errors inadvert-

---

**2.** SDC 33.0108 and SDC 1960 Supp. 33.0108 both provided in pertinent part:

> The court * * * may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect, * * *

**3.** Id.

**4.** Wright & Miller, Federal Practice and Procedure, § 2858, p. 163.

ently made is not untrammeled. Due process requires that it be done upon motion of the party aggrieved or upon the court's own motion, with notice and opportunity for the parties to be heard. The motion should culminate in an order setting out the decision.

In the instant case, the trial court proceeded on its own motion, made its own investigation, gave some semblance of notice and hearing, and made a record as to its reason for disregarding the November 10, 1976, order,[5] but failed to specifically vacate the order or any portion of it, resulting in the present situation where there are two "valid" orders now filed pertaining to the same divorce modification. The import of the court's determination regarding its November, 1976, order went only to a portion of that order, the support provision, inasmuch as the court did not mention in any manner the change of custody provision which was an integral part of the order. At the point of the July hearing, it appears to us that the trial court had the option of setting aside its November order and proceeding to hear the entire question, or of setting aside such portion of the November order as it deemed to be in error, or inadvertently entered, and hearing that portion, or of making a determination as to the change of circumstances since the November, 1976, order.

Accordingly, we reverse the trial court's order of the 18th day of July, 1977, and remand the case for further proceeding in accordance with this opinion.

All the Justices concur.

---

**5.** We do not hold that the mere failure of a trial judge to recall entering an order is sufficient grounds to set it aside, but in this case the trial judge found that he had not held a hearing on the motion, which he considered an essential part of the process.